Nichols vs. McGeoch.

NICHOLS, Respondent, vs. McGEOCH, imp., Appellant.

*December 1 — December 16, 1890.*

*Examination of party before trial: Production of books of account.*

In an action upon an account involving numerous contracts and trans-
actions between the parties, one of the defenses was that the ac-
count grew out of certain gambling contracts and transactions
between the plaintiff, as a broker, and the defendants on the Chi-
cago board of trade. Upon an application to compel the plaintiff
to produce his books of account, an affidavit on behalf of the de-
fendants stated that such books would show that the alleged con-
tracts of purchase and sale were made without the purpose of
receiving or delivering any property on them, but with intent to
settle by the receipt or payment of differences, and that it was nec-
essary that the plaintiff should produce his books of account before
the officer by whom his testimony was being taken (under sec. 4096,
R. S.), and that it was essential to examine not only the accounts
outstanding but also all previous transactions between the parties.
The statements of this affidavit were not controverted. *Held,* that
the defendants were entitled to an order requiring the production
of all the plaintiff's books of account which had any reference to
the accounts under investigation and which tended in any way to
show the history and character thereof — the scope of the examina-
tion to be confined, however, to matters relevant to the issues in the
case.

APPEAL from the Circuit Court for *Milwaukee* County.
The appeal is by the defendant *McGeoch* from an order
refusing to require the plaintiff to produce certain books of
account upon his examination before commissioners pursu-
ant to sec. 4096, R. S. The facts will sufficiently appear
from the opinion.

For the appellant there was a brief by *Miller, Noyes &
Miller,* and oral argument by *B. K. Miller, Jr.*

For the respondent there was a brief by *C. H. Hamilton*
and *Turner & Timlin,* and oral argument by *Mr. Hamilton.*

COLE, C. J. We think the defendants were entitled to
have an order requiring the plaintiff to produce his books

and submit them for examination in accordance with the prayer contained in the affidavit of Mr. Miller, which was used in support of the rule to show cause. Both Mr. Miller and *Mr. McGeoch*, in their affidavits, state that it is absolutely necessary to examine these books in order to prepare for the trial of the defense set up in the answer.

The action is to recover the balance due on an account involving various contracts and transactions between the plaintiff and the firm of McGeoch, Everingham & Co. Among other defenses set up and relied on in the answer is that the account was based upon certain unlawful dealings and transactions in which the plaintiff was engaged with that firm; that the account grew out of certain gambling contracts and transactions had between the plaintiff, as a broker, and the defendants, upon the board of trade in the city of Chicago. Mr. Miller, in his affidavit, in substance says and states the fact to be that an examination of the said plaintiff's books of the various transactions and alleged contracts upon which the plaintiff has brought the suit will show conclusively to the satisfaction either of the court or jury that the alleged contracts of purchase and sale were made without the purpose of receiving or delivering any property on them, but were made with the intent to settle by the receipt or payment of the differences, and that it is absolutely necessary that the plaintiff produce his books of account before the officer by whom his testimony is to be taken, so that copies of them can be made from the inception of the transactions to their final consummation, when they were settled by the payment or receipt of the differences; that it is essential not only to examine the items which enter into the accounts alleged to be outstanding, but also all the transactions previously had between the parties. The correctness of these statements is not questioned nor denied on the part of the plaintiff, and they must be assumed to be true. It is plain, should an examination of the books verify and sustain them, that such

evidence would or might have an important bearing in establishing the defense.

It is said, on the other side, that it is hardly conceivable that there is anything in the plaintiff's books which could be used to support the theory of the defense. But the contents of these books have not been placed before the court, and therefore any discussion as to their effect as evidence is out of place at this time. It is certainly conceivable that they may contain very important evidence to sustain the defense, and that they may strongly tend to show that the transactions were illegal. Be this as it may, the defendants are entitled to have an inspection and an examination of the books of the plaintiff which have any relation to the matters involved in the issues, and we think the trial court should have ordered and required him to produce "all his books of account,— the original blotter or option books, the option ledger, general ledger, and ring books," and all other books, by whatever name called, which had any reference to the accounts under investigation, and which tended in any way to show the history and character of each sale and purchase.

It appears that the plaintiff did produce some of his books of account, but he refused to produce others. Those produced contain what he calls "the original entries," but it is an irresistible inference, from the plaintiff's sworn statements made before the commissioners, that these entries had been transferred to the ledger or other books which had a connection with and tended to throw light upon the transactions or dealings which had been had between the parties. All these books and documents in the possession or under the control of the plaintiff which contained any evidence relating to the merits of the defense, and which would enable the defendants to prepare for the trial of the action, should be produced by him for examination. The defendants have the right to inspect them and examine the plaintiff in reference to the entries therein.

His counsel suggests that the plaintiff, as a man of honor, was in duty bound to prevent his transactions with third parties from becoming known, and that it would be a gross breach of confidence on his part to allow such transactions to be made public. But the defendants' counsel disclaim all desire or intention to propound questions or in any way inquire into the private business of the plaintiff with other parties, except so far as the same refer to or are connected with the transactions and alleged contracts specifically set out in the plaintiff's bill of particulars herein, and they do not wish or intend to go further than to have the plaintiff verify his account books and the various entries therein, so far as they relate to the various accounts and transactions between the parties to this action, to the end that said accounts and entries may be intelligible to the court and jury upon the trial. With this restriction upon the course or extent of the examination of the books, there can be no impertinent inquiry into transactions or dealings with others which have no relation to the matters in controversy. The scope of the examination should, of course, be confined by the order to the matters relevant to the issues in the case, and with that limitation there can be no abuse in the examination. The defendants have the right, under the statute and the rules of court, to go to that extent, but in no event should the examination be more narrow than the real issues, and thus prevent the disclosure of matters of substance relative to the controversy. The scope of the examination, as has been held, may be as broad as that on cross-examination. *Cleveland v. Burnham,* 60 Wis. 16; *Kelly v. C. & N. W. R. Co.* 60 Wis. 480, where the practice on this subject is fully discussed and pointed out.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.