The State vs. Baetz and others.

THE STATE, Respondent, vs. BAETZ and others, Appellants.

*September 8 — September 26, 1893.*

*Examination of defendants to enable plaintiff to plead.*

1. In an action by the state against a former state treasurer and the sureties on his official bond to recover interest alleged to have been received by him on state funds deposited in banks, an examination of the defendants, under sec. 4096, S. & B. Ann. Stats., for the purpose of enabling the plaintiff to frame its complaint, was properly allowed upon an affidavit showing that, while plaintiff knew the aggregate amount of moneys deposited in banks during each quarter of the treasurer's term of office, it did not know the banks where it was deposited, the rates of interest received thereon, the dates of the deposits, the duration or terms of the deposits, the amounts received therefor by the treasurer, nor the proportion of such deposits which properly belonged to the general fund and to the various trust funds in the custody of the treasurer.

2. The sureties, being parties to the action, cannot be relieved from an examination.

APPEAL from the Circuit Court for *Dane* County.

Plaintiff sues to recover interest moneys on state funds deposited in banks, alleged to have been received by defendant *Baetz* while state treasurer, and not accounted for. The remaining defendants are sureties upon *Baetz's* official bond. The summons was served without complaint, and an affidavit was also served, upon which notice of the examination of defendants *Baetz, Pabst,* and *Pritzlaff* under sec. 4096, S. & B. Ann. Stats.,[1] was given. The affidavit

---

[1] Sec. 4096, S. & B. Ann. Stats., provides that if the examination be taken before issue joined, the notice shall be accompanied by an affidavit stating the general nature and object of the action, that discovery is sought to enable the party to plead, and the points upon which such discovery is desired, "and such examination shall be limited to the points so stated, unless the court or presiding judge thereof, on motion and one day's notice, shall, before the examination is begun, by order further limit the subjects to which such examination shall extend."

— REP.

was long and showed that, while plaintiff knew the aggregate amounts of moneys deposited in banks during each quarter of *Baetz's* term of office, it did not know the banks where it was deposited, the rates of interest received thereon, the dates of the deposits, the duration nor terms of the deposits, the amounts received therefor by *Baetz*, the proportion of such deposits which properly belonged to the general fund and to the various trust funds in the custody of the treasurer. The plaintiff's claim is that the defendants' examination upon these points is necessary to enable it to frame a complaint. The defendants claim that the affidavit shows that no such examination is necessary, and they made a motion in the circuit court that the examination be forbidden, or that it be restricted to the defendant *Baetz* alone, and confined to such points of inquiry as in the judgment of the court may be necessary to enable plaintiff to frame a complaint. From an order denying this motion, defendants appeal.

For the appellants the cause was submitted on the brief of *Winkler, Flanders, Smith, Bottum & Vilas.* They contended, *inter alia,* that the affidavit shows the plaintiff to be in possession of all the facts required to frame a complaint either for breach of the bond or for an accounting. Full knowledge of everything is shown except accuracy of figures. All that can be alleged as an excuse for an examination is that plaintiff is not able to state the *ad damnum* with accuracy. As to the sureties there is no presumption of law, and there is certainly no intimation of fact, that disclosures on their part are required to enable the state to frame a proper complaint.

For the respondent there was a brief by the *Attorney General* and *R. M. Bashford,* and oral argument by *Mr. Bashford.*

WINSLOW, J. Doubtless the plaintiff could frame some sort of a complaint without the examination applied for.

It is manifest, however, that such complaint would be entirely indefinite as to amounts claimed, and would have to be framed in the most general way. We see no good reason why the proposed examination should not be had, in order that the complaint may, if possible, be made definite and certain in the particulars concerning which discovery is sought.

This court has uniformly given this statute a broad and liberal construction in favor of the right conferred by it as to all matters relevant to the controversy. *Kelly v. C. & N. W. R. Co.* 60 Wis. 480; *Nichols v. McGeoch*, 78 Wis. 360. The sureties, being parties to the action, cannot be relieved from an examination. The statute gives the right to examine a "party." If they are ignorant of the facts involved in the inquiry, their examination will necessarily be brief.

*By the Court.*— Order affirmed.

PINNEY, J., took no part.