Knowles vs. Rogers.

KNOWLES, Respondent, vs. ROGERS, Appellant.

*March 5 — April 12, 1898.*

*Appealable order.*

An order by the court, refusing to vacate a previous order made by a court commissioner in a proceeding under sec. 4096, R. S. 1878, that the defendant produce certain books and papers, and regulating

the examination of such books and papers, is neither an interloc-utory nor a final order, nor one refusing, continuing, or modify-ing a provisional remedy, and it is not appealable under sec. 3069, R. S. 1878, as amended by ch. 380, Laws of 1897.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Appeal dismissed.*

Appeal from an order of the superior court of Milwaukee county refusing to vacate and set aside the order of Hugh Ryan, court commissioner, requiring the defendant to produce certain books and papers, or to regulate the time or manner of examining the defendant's books of account. The plaintiff commenced an action against the defendant by the service of summons, and gave notice of his examination otherwise than as a witness, under sec. 4096, R. S. 1878, having caused a subpoena to be served on the defendant to produce at the examination divers books of account, bought and sold cards, telegrams, tickets, and correspondence, relating to the transactions, kept by the defendant in his business as commission merchant or broker, so as to enable the plaintiff to prepare his complaint with sufficient accuracy to state his cause of action.

It appeared by the examination, so far as it progressed, that the defendant was unable to produce said books, telegrams, trading cards, and correspondence, as they were then in Chicago; that certain telegrams, trading cards, and correspondence were in Milwaukee; but the defendant, under advice of counsel, declined to produce any telegrams or correspondence between him and third persons having no relation to the claim made by the plaintiff, and asked the commissioner to rule that their specification in the subpoena did not require him to produce any correspondence between himself and any other person relating to his general business, or relating to the business of third persons with the defendant, or to any business other than business transacted for the plaintiff, if any such there was. During the prog-

ress of the examination, the commissioner made the following order or ruling: "I will hold this examination open until 2 o'clock this afternoon, and direct that at that time *Mr. Rogers* produce all the correspondence, bought and sold cards, or books which are in the city of Milwaukee and under his control or in his possession mentioned in the subpœna, which in any way relate to the account of the plaintiff with the defendant, or to any business dealings between them, directly or indirectly."

The defendant obtained an order from the judge of the superior court requiring the plaintiff to show cause why the order to produce certain books and papers should not be vacated and set aside, and why a reasonable time should not be allowed the defendant within which to produce said books and papers, after said defendant had had them examined himself by experts, and why the books and papers to be produced should not be distinctly specified, and the defendant have such other relief as might be just, but made no application to limit the scope or extent of the examination. Upon the hearing, the court made an order denying the application of the defendant, from which order the defendant appealed.

The cause was submitted for the appellant on the brief of *Timlin & Glicksman,* and for the respondent on that of *Winkler, Flanders, Smith, Bottum & Vilas.*

PINNEY, J. The order in question does not grant, refuse, continue, or modify a provisional remedy, and is clearly not appealable, under subd. 3, sec. 3069, R. S. 1878, as amended by ch. 380, Laws of 1897, which includes within the category of appealable orders an order which "grants, refuses, continues, or modifies a provisional remedy." The order appealed from does not continue the proceedings, and no motion was made to set aside, dismiss, or discontinue them. The order to show cause required cause to be shown why

Knowles vs. Rogers.

the order made by the commissioner during the examination, "requiring the defendant to produce certain books, papers, etc., should not be vacated and set aside, and why a reasonable time should not be allowed the defendant within which to produce said books and papers *after* said defendant had had them examined himself by experts, and why the books and papers to be produced should not be distinctly specified." The purpose of the order to show cause was to regulate the method of conducting the examination before the commissioner. It was neither an order refusing, continuing, nor modifying a provisional remedy. The case clearly falls within the decision in *Stuart v. Allen*, 45 Wis. 158–162. The ruling of the superior court is neither an intermediate nor a final order, properly so called. It was merely a direction in regard to the manner of conducting the examination pending before the commissioner, and in which the proceedings were to some extent discretionary. The motion was not made on the ground of any deficiency in the affidavit accompanying the notice of examination and subpœna. The defendant appeared and submitted to examination without making any such objection, and no such point appears to have been raised on the order to show cause. The case of *Cleveland v. Burnham*, 60 Wis. 16–20, is substantially to the same effect as *Stuart v. Allen*, and is decisive on the question of the appealability of the order. We are clearly of the opinion that the order in question is not within the category of appealable orders, and the appeal must therefore be dismissed.

*By the Court.*— Appeal dismissed.