ELLINGER, Respondent, vs. EQUITABLE LIFE ASSURANCE SO-
CIETY OF THE UNITED STATES, Appellant.

*September 15—October 3, 1905.*

*Statutes: Examination of adverse party before trial: Stay of pro-
ceedings: "Plead:" Inspection of documents: "Provisional rem-
edy:" "Special proceeding:" "Proceeding:" Appealable orders.*

1. Sec. 4096, Stats. 1898, provides that "the examination of a party
. . . otherwise than as a witness on a trial may be taken by
deposition at the instance of the adverse party in any action *or
proceeding*, at any time after the commencement thereof and
before judgment," and may "be taken before issue joined . . .
to enable the party to *plead*." *Held*, that the word "plead," as
thus used in this statute, is not to be limited to a complaint,
answer, or reply, but extends to a claim urged in defense of a
proceeding instituted by either party in aid of an action or de-
fense and which may be put in issue and tried.

2. Such construction extends and applies the right of an examina-
tion of the adverse party under the provisions of sec. 4096,
Stats. 1898, to a proceeding instituted before filing the com-
plaint and authorized by sec. 4183, to compel the production for
examination of the defendant's books and papers.

3. The "stay of all other proceedings in the action of the party
against whom" an order is made under sec. 4183, Stats. 1898
(requiring the inspection and copy, or permission to take a
copy, of any books, papers and documents in the adverse party's
possession or under his control containing evidence relating
to the merits of the action or defense therein), in conformity
to Circuit Court Rule XIX, does not operate to bar a defend-
ant from resisting plaintiff's application to compel such in-
spection or furnishing such copies, and hence does not operate
to prevent the examination of the plaintiff by the defendant
under sec. 4096.

4. The examination of the adverse party under sec. 4096, Stats.
1898, is a "provisional remedy" and a "special proceeding," and
hence an order denying the proper exercise of that right is ap-
pealable under subds. 2, 3, sec. 3069.

5. Proceedings instituted under sec. 4183, Stats. 1898, to compel the
inspection of books and papers is a "proceeding," and hence an
order denying the right to examine the adverse party therein
is appealable under subd. 3, sec. 3069.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Reversed.*

This action was commenced July 29, 1904, by the service of a summons upon the defendant. It appears from an affidavit of one of the attorneys for the plaintiff, made September 20, 1904, that the action is upon a policy of insurance issued by the defendant to the plaintiff March 11, 1884, which by its terms matured March 10, 1904, and upon which the plaintiff paid an annual premium of $410.85 in advance, and was induced to make the contract by statements to the effect that upon maturity of the policy he would receive a sum in excess of $13,000, but that the defendant refuses to pay more than $9,122.70; that there is due to the plaintiff in addition thereto from the defendant a share of the reserve fund and surplus, as will be revealed by an examination of the books of the defendant; that such books, data, and memoranda containing such facts are not in the possession or under the control of the plaintiff or his attorneys; that such inspection is necessary to enable the plaintiff to frame his complaint; and that the affidavit is made in good faith and as a basis for an order for that purpose. Upon such affidavit and the records, files, and proceedings in the action the defendant was ordered and required, September 20, 1904, to give to the plaintiff such inspection or sworn copies of all the books, data, and memoranda showing the reserve fund and accumulated surplus and other funds of the defendant during the period covered by the policy as stated in the affidavit, at the time and place therein stated, or show cause to the contrary before the court October 1, 1904, and that the plaintiff's time to plead in the action be extended and limited to twenty days from and after the hearing and determination of the motion and the completion of the examination of such books, data, and memoranda, or the service of such sworn copies. The hearing of that order to show cause was extended to October 29, 1904. October 21, 1904, upon the papers served and the record and proceedings in the action

and the affidavit of the attorney for the defendant annexed thereto, the defendant's attorney gave notice that the plaintiff would be examined "otherwise than as a witness on the trial," by deposition at the instance of the defendant as an adverse party, "in the proceedings in said action instituted by the plaintiff to obtain an inspection of books, data, and memoranda and accounts of the defendant, alleged to be in its possession, relating to the plaintiff's policy of insurance, upon which said action is alleged to be based, before" the circuit court commissioner, at his office as therein stated, on October 26, 1904. Thereupon and on October 24, 1904, upon all the records, files, and proceedings in the action, and on affidavit of the plaintiff's attorney made October 24, 1904, thereto annexed, the defendant was ordered and required to show cause before the court on November 5, 1904, "why an order should not be made and entered therein staying all proceedings before" the circuit court commissioner "until after the hearing and determination of the order to show cause made and entered" therein September 20, 1904, and until after the making and serving of the complaint, and for a temporary stay pending the hearing thereon. After the hearing of that order to show cause, the court, having reserved its decision and taken the matter under advisement, and having decided the same orally, thereupon "ordered that all proceedings before the said John T. Wentworth, court commissioner, until after the hearing and determination of the order to show cause made and entered herein on the 20th day of September, 1904, be and the same are hereby stayed, and that the plaintiff have costs on this motion in the sum of $10." From that order the defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Fawsett,* and oral argument by *F. H. Remington.*

For the respondent there was a brief by *Kronshage & McGovern,* attorneys, and *W. S. Frazier,* of counsel, and oral argument by *W. D. Corrigan.*

CASSODAY, C. J.    The trial court refused to allow the defendant to examine the plaintiff, as an adverse party, under sec. 4096, Stats. 1898, in the proceedings instituted by the plaintiff to compel the defendant to produce its books and papers for inspection or to furnish sworn copies thereof.    In other words, the trial court stayed all proceedings on the part of the defendant under that section until after the matter of inspecting books and papers and the furnishing of sworn copies thereof should be fully determined by the court.    This was put on the ground that the section mentioned had no application to a proceeding to compel the inspection of books and papers, which was treated by the court as a mere motion. The correctness of such ruling depends upon the authority given by the statute and the nature of the proceedings which the defendant seeks to prevent.    The section of the statute cited declares that "the examination of a party, . . . otherwise than as a witness on a trial, may be taken by deposition at the instance of the adverse party in any action *or proceeding,* at any time after the commencement thereof and before judgment."    That section also provides that where the requisite notice is given, accompanied by the prescribed affidavit, stating the requisite facts, such examination may "be taken before issue joined, . . . to enable the party to *plead."*

"This court has frequently held that the examination thus authorized was intended as a substitute for a bill of discovery under the old practice, and, being remedial, should be liberally construed."    *Frawley v. Cosgrove,* 83 Wis. 441, 443, 53 N. W. 689; *State v. Baetz,* 86 Wis. 29, 31, 56 N. W. 329; *Schmidt v. Menasha W. W. Co.* 92 Wis. 529, 531, 66 N. W. 695.

Thus construed, the word "plead," as thus used in the statute, is not to be limited to a complaint, answer, or reply, but may extend to a claim urged in defense of a proceeding instituted by either party in aid of an action or defense and which may be put in issue and tried.

The statute declares:

"The court before which an action is pending, or a judge thereof, may, in discretion *and upon due notice,* order either party to give to the other, within a specified time, an inspection and copy or permission to take a copy of any books, papers and documents in his possession or under his control containing evidence relating to the merits of the action or of the defense therein." Sec. 4183, Stats. 1898.

One of the circuit court rules provides that such application may be made "by either party to compel the other to give him inspection and a copy or permission to take a copy of any books, papers, or documents in his possession or under his control which may be necessary to enable the applicant to frame his complaint, answer, or reply, as the case may be, or which shall be material to any application made by him for any provisional remedy." Subd. 1, sec. 1, Circuit Court Rule XIX. Sec. 2 of the same rule prescribes what the petition or affidavit must contain when the application is necessary to enable the party "to frame his complaint, answer, or reply, or to obtain some provisional remedy, or to prepare for trial, as the case may be." True, the same rule provides that "the order to show cause on such application, as well as the order absolute made upon showing cause, . . . shall operate as a stay of all other proceedings *in the action* of the party against whom it is made, until such order shall have been complied with, vacated, or reversed." Sec. 5, Id. But such stay of "proceedings *in the action*" does not operate to bar such party from resisting the application to compel such inspection of such books and papers or the furnishing of sworn copies thereof. Otherwise the proceedings to compel such inspection and copies would be *ex parte* and the statutory requirement of giving notice to the opposite party would be without significance. The statutes divide remedies into "actions" and "special proceedings." Sec. 2594, Stats. 1898. After defining an action the statute declares that "every other

remedy is a special proceeding." Secs. 2595, 2596, Stats. 1898.

The plaintiff contends that the order appealed from is not appealable. The defendant claims that it is appealable either as "a final order affecting a substantial right made in special proceedings," or as "an order" that "refuses . . . a provisional remedy." Subds. 2, 3, sec. 3069, Stats. 1898. It was held by this court many years ago that "the remedy formerly procured by an ancillary suit in equity for a discovery is now granted by an order in the principal cause," and that "such an order" was "a provisional remedy," and was therefore "appealable." *Noonan v. Orton,* 28 Wis. 386. Subsequently it was held by this court that "an order requiring a party to an action to submit to an examination as a witness for the opposite party, being a substitute for a bill of discovery," was "a provisional remedy," and therefore was "appealable." *Blossom v. Ludington,* 31 Wis. 283. Mr. Justice LYON wrote the opinion of the court in both of those cases. In commenting upon the first of these cases, soon after, DIXON, C. J., speaking for himself, stated "that the remedy for a discovery is properly called a special proceeding, and so defined by the statute." *Witter v. Lyon,* 34 Wis. 564, 574. In *Prince v. McCarthy,* 61 Wis. 3, 20 N. W. 655, it was held that the term "special proceedings," as used in subd. 2, sec. 3069, Stats. 1898, is to have the same meaning as defined in secs. 2593–2596. This must necessarily be correct. *In re Guardianship of Welch,* 108 Wis. 387, 393, 84 N. W. 550; *State ex rel. Att'y Gen. v. Frost,* 113 Wis. 623, 641, 88 N. W. 912, 89 N. W. 915; *Deuster v. Zillmer,* 119 Wis. 402, 407, 408, 97 N. W. 31; *State ex rel. Risch v. Trustees,* 121 Wis. 44, 59, 98 N. W. 954; *Harrigan v. Gilchrist,* 121 Wis. 127, 277, 99 N. W. 909. But, as the order in *Prince v. McCarthy, supra,* was made by the circuit judge at chambers, and not by the court, it was held not to be appealable. The opinion in that case was also written by Mr. Justice LYON.

In *Nichols v. McGeoch,* 78 Wis. 360, 47 N. W. 372, an
order of the court refusing the defendant's application for
the production of books was reversed on appeal. To the
same effect: *State v. Baetz,* 86 Wis. 29, 56 N. W. 329;
*Schmidt v. Menasha W. W. Co.* 92 Wis. 529, 66 N. W. 659.
In Minnesota it was held that a statute "providing for the
examination of an adverse party as if under cross-examina-
tion" applies "to any proceeding involving such an issue
which the parties, as a matter of right, are entitled to have
heard on oral testimony." *Strom v. Montana Cent. R. Co.*
81 Minn. 346, 84 N. W. 46. In view of the authorities cited
we are constrained to hold that the proceedings instituted by
the plaintiff to compel the inspection of books and papers
were a provisional remedy as defined by this court in the
cases cited. It has been said that "a provisional remedy is
a collateral proceeding permitted only in connection with a
regular action and as one of its incidents." 6 Words &
Phrases, 5752; *Snavely v. Abbott B. Co.* 36 Kan. 106, 12
Pac. 522. The language of sec. 4096 is broad, and author-
izes the examination of the adverse party "otherwise than as
a witness on a trial . . . in any action *or proceeding,* at any
time after the commencement thereof and before judgment."
The application for the inspection of books and papers was
certainly a "proceeding," and, since the order appealed from
refuses a provisional remedy, we must hold that it is appeal-
able under the third subdivision of sec. 3069 of the Statutes.

*By the Court.*—The order of the circuit court is reversed,
and the cause is remanded for further proceedings accord-
ing to this opinion.