PHIPPS, Administratrix, Respondent, vs. WISCONSIN CEN-
TRAL RAILWAY COMPANY, Appellant.

*December 4, 1906—January 8, 1907.*

*Order made in proceedings to examine adverse party: Interlocutory
orders: Appealable orders.*

1. The examination of a party under the provisions of sec. 4096,
   Stats. 1898, is both a special proceeding and a provisional rem-
   edy.
2. An order requiring the witness to produce books and papers,
   made in the course of an examination of a party under the pro-
   visions of sec. 4096, Stats. 1898, is merely an interlocutory or-
   der regulating the manner of procedure upon the examination,
   is in no sense a final order, and does not in any proper sense
   grant, refuse, continue, or modify such provisional remedy.
3. Such order is not appealable under the calls of sec. 3069, Stats.
   1898.

APPEAL from an order of the circuit court for Milwaukee
county: WARREN D. TARRANT, Circuit Judge. *Dismissed.*

The respondent moved to dismiss the appeal.

For the motion there was a brief by *Timlin & Glicksman,*
and oral argument by *W. L. Gold.*

*W. D. Corrigan,* for the appellant.

WINSLOW, J. This is an action to recover damages on ac-
count of the death of Chas. Phipps, deceased, plaintiff's hus-
band, who was a locomotive engineer in defendant's employ,
and is alleged to have been killed by reason of the negligent
and insecure construction of the railroad bridge on defend-
ant's road through which his engine was precipitated. The
defendant's answer denied all negligence. After issue was
joined the plaintiff gave notice of taking the depositions of
Charles M. Morris, the secretary, and of Thomas H. Gill,
the general attorney, of the defendant company, as adverse
witnesses, under the provisions of sec. 4096, Stats. 1898, and
its amendments. The attendance of the witnesses before the

commissioner was compelled by a subpœna, which also required the production on the hearing of the plans of the bridge in question, as well as all telegrams or orders sent by the company to the conductor of the train which met the accident, as well as all other writings, telegrams, or statements in possession of the company relating to the inspection of the bridge, the cause of the disaster, or the matters set forth in the complaint. The witnesses declined to produce the plans and statements so desired, notwithstanding they were directed so to do by the commissioner, and the proceedings were thereupon certified to the circuit court, and upon motion that court made an order commanding the witnesses to produce the plans of the bridge, the telegrams or orders sent to the conductor or train crew, and the names of defendant's employees who possessed any knowledge of the accident. From this order the defendant appealed, and the plaintiff now moves to dismiss the appeal.

Appealable orders are classified and defined by sec. 3069, Stats. 1898. Reference to that section demonstrates at once that if the order before us is appealable it must be because it is (1) a final order affecting a substantial right made in special proceedings, or (2) an order granting, refusing, continuing, or modifying a provisional remedy. It is settled that the examination of a party under the provisions of sec. 4096, supra, is both a special proceeding and a provisional remedy. An order made in the course of such an examination, requiring the witness to produce books and papers, is, however, merely an interlocutory order regulating the manner of procedure upon the examination, and in no sense a final order; nor does it in any proper sense grant, refuse, continue, or modify the provisional remedy. These propositions have been fully settled by the court in previous decisions, and cannot be considered as open to doubt. Stuart v. Allen, 45 Wis. 158; Knowles v. Rogers, 99 Wis. 231, 74 N. W. 813; State ex rel. Carpenter v. Mathys, 115 Wis. 31, 91 N. W. 114; Ellinger

*v. Equitable L. Assur. Soc.* 125 Wis. 643, 104 N. W. 811.
That such an order is not a final order is also held by the su-
preme court of the United States in *Alexander v. U. S.* 201.
U. S. 117, 26 Sup. Ct. 356.

*By the Court.*—Appeal dismissed.