ROHLEDER, by guardian *ad litem,* Respondent, vs. WRIGHT, Appellant.

*February 24—March 14, 1916.*

*Evidence: Examination of adverse party before trial: Statute construed: "Party:" "Agent:" Guardian* ad litem *of infant.*

1. The guardian *ad litem* of an infant party is not subject to an examination under sec. 4096, Stats. 1915, at the instance of the adverse party.   While technically a party to the action, such guardian is not "the party" nor is he an "agent" of the infant, within the meaning of that section; and the fact that he is also the father and general guardian of the infant does not bring him within the statute.
2. The word "party" in said sec. 4096 means the real party in interest.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge.    *Affirmed.*

Action for malpractice, brought by an infant about three years of age.    The father of the infant was appointed guardian *ad litem,* and the defendant sought to examine him under sec. 4096, Stats. 1915.    The court upon motion ordered the examination dismissed and enjoined further proceedings therein.    From such order the defendant appealed.

For the appellant there was a brief by *Lines, Spooner, Ellis & Quarles,* and oral argument by *Geo. G. Goetz.*

For the respondent there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *Paul R. Newcomb,* of counsel, and oral argument by *Mr. Newcomb.*

VINJE, J. This appeal presents the question of whether a guardian *ad litem* is subject to an examination under sec. 4096, Stats. 1915. Said section provides that

"No action to obtain a discovery under oath, in aid of prosecution or defense of another action, shall be allowed; but the examination of the party, his or its assignor, officer, agent, or employee, or of the person who was such officer, agent, or employee, at the time of the occurrence of the facts made the subject of the examination, . . . otherwise than as a witness on a trial, may be taken by deposition at the instance of the adverse party in any action or proceeding, at any time after the commencement thereof and before judgment."

The examination provided for by this statute takes the place of the old bill of discovery, whose object was to obtain evidence to be used against the opposite party on the trial of the action whether or not he submitted himself to be examined on the trial. Not only does the statute supplant the old bill of discovery, but it goes further by permitting an officer, agent, or employee of the party as well as the party to be examined, and such examination is not limited to matters which the party seeking the examination cannot prove by other witnesses or evidence, but may extend to all material issues in the action. *Meier v. Paulus,* 70 Wis. 165, 35 N. W. 301. So the statute not only supplanted but extended the equity procedure. It has consistently been held to be remedial in its nature and entitled to a liberal construction in favor of the rights conferred by it. *Cleveland v. Burnham,* 60 Wis. 16, 21, 17 N. W. 126, 18 N. W. 190; *Kelly v. C. & N. W. R. Co.* 60 Wis. 480, 489, 19 N. W. 521; *Whereatt v. Ellis,* 65

Wis. 639, 643, 27 N. W. 630, 28 N. W. 333; *Nichols v. Mc-Geoch,* 78 Wis. 360, 47 N. W. 372; *Frawley v. Cosgrove,* 83 Wis. 441, 53 N. W. 689; *Schmidt v. Menasha W. W. Co.* 92 Wis. 529, 66 N. W. 695. But it should not be given a construction beyond its evident scope and purpose so as to confer rights not intended to be conferred.

It is quite evident that a guardian *ad litem* is not an agent of the minor within the meaning of the statute. An agent is either in fact or by operation of law chosen by the principal; the guardian *ad litem* is appointed by the court and answerable to the court. Sec. 2613, Stats.; *Richter v. Estate of Leiby,* 107 Wis. 404, 83 N. W. 694. His office is to appear for the real party in interest, the minor, and protect his rights in the pending action. *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778. The infant appears in court by his guardian *ad litem,* and while the latter is technically a party to the action and may perform some of the functions of a party, such as verifying the complaint (*Phillips v. Portage T. Co.* 137 Wis. 189, 118 N. W. 539), still the real party in interest is the minor. When bringing an action he is the party plaintiff. The fact that he appears by guardian *ad litem* does not make two parties plaintiff. Failure to appoint a guardian *ad litem* for a minor does not throw him out of court. He still remains a party to the action, and the omission to appoint may be remedied at any stage of the proceeding. *Redlin v. Wagner,* 160 Wis. 447, 152 N. W. 160, and cases cited. Hence when the statute in general terms provides that the examination of a party may be taken it must be construed to be the real party in interest, and not a mere nominal party to the action. This construction would follow from the language of the statute itself. When the object of the examination is considered it becomes still more apparent that such construction should obtain. The party is permitted to be examined in order that his conscience may be probed; that he may give some evidence relative to the mat-

ter in issue that may be favorable or 'useful to the examining party and that may be used against the party examined, on the trial. The facts and circumstances out of which the action springs and concerning which inquiry is made, arose long before the appointment of the guardian *ad litem*. His knowledge of them in the great majority of cases must be derived from the statement of others or the examination of papers or records accessible to the other party. As guardian *ad litem* he has little or no personal knowledge of the facts out of which the action arises. That is not usually so with the minor. He is the actor on his side of the case and it is his rights that are sought to be affected by the examination. In *Meier v. Paulus,* 70 Wis. 165, 171, 35 N. W. 301, it was said: "The examination of a party is in the nature of an admission so far as his answers are material to the issues in the action, and such admissions are always admitted as original evidence against him." Such being the effect of the examination, the legislative intent to permit the rights of minor litigants to be affected by answers made by a person appointed by the court to protect them must clearly appear. In England prior to 1893 a minor was not subject to adverse examination and yet it was held that a guardian *ad litem* was not a party within the meaning of the rule providing for the adverse examination of "a party to the action." *Curtis v. Mundy,* [1892] 2 Q. B. 178; *Mayor v. Collins,* 24 Q. B. D. 361. In 1893 rule 29 of order XXXI specifically extended the right of examination to infants and their guardians *ad litem*. The following cases have held that a guardian *ad litem* or "next friend" is not such a party to the action as to entitle the opposite party to examine him adversely under similar statutes: *Gray v. Parke,* 155 Mass. 433, 29 N. E. 641; *Vano v. Canadian C. C. M. Co.* 13 Ont. 421; *Dyke v. Stephens,* L. R. 30 Ch. D. 189; *Re Corsellis,* 48 L. T. 425.

In the instant case the guardian *ad litem* is the father of the minor, and the latter is of such tender years that he can-

not be examined; therefore, it is urged, the father should be permitted to be examined either as guardian *ad litem* or as a general guardian of plaintiff.    The peculiar facts of the present case cannot affect the reasonable construction that should be given the statute.    If the statute reasonably construed bars defendant from an examination it is a misfortune that should not operate to extend its legitimate scope and object. A general guardian of a minor is no more his agent within the meaning of the statute than is the guardian *ad litem,* and cannot be examined as such, or as a party.    *O'Shea v. Wilkinson,* 95 Cal. 454, 30 Pac. 588.

*By the Court.*—Order affirmed.