BRESADOLA, Administrator, Respondent, vs. GOGEBIC & IRON COUNTIES RAILWAY & LIGHT COMPANY, Appellant.

*January 16—February 13, 1917.*

*Motion to set aside service of summons: Examination of adverse party, when may be taken: "Proceeding."*

However formally it may be presented, an application to set aside the service of a summons upon the ground that no jurisdiction over the defendant had in fact been obtained thereby, is a mere motion in the action and is not a "proceeding" in which an examination of the adverse party is authorized by sec. 4096, Stats.

Appeal from an order of the circuit court for Iron county: G. N. Risjord, Circuit Judge. *Reversed.*

The appeal is from an order permitting the examination, under sec. 4096, Stats., of officers of defendant.

The cause was submitted for the appellant on the brief of *Sanborn, Lamoreux & Pray* of Ashland and *Charles M. Humphrey* of Ironwood, Michigan, and for the respondent on a brief signed by *Aurelio Bresadola* of Hurley *in pro. per.,* and *LeGendre & Driscoll* and *Herbert M. Norris,* all of Ironwood, Michigan, of counsel.

Eschweiler, J.    This action is brought to recover damages for the death of Earl Bresadola, who was run over by a street car operated by defendant in Iron county, Wisconsin, and it was claimed that jurisdiction over defendant was obtained on February 27, 1915, by service of the summons in said Iron county on one F. L. Blackhurst, a bookkeeper of defendant.    The defendant appeared specially and applied to the court to set aside such service upon the affidavits of said Blackhurst and the secretary of defendant alleging in substance facts tending to show that no jurisdiction in fact had been obtained over the defendant, a Michigan corporation.

Before the hearing of that application the plaintiff served subpoenas upon and gave notice of the proposed examination under sec. 4096, Stats., of said Blackhurst and one Charles Smeeth, who was designated as superintendent of defendant at Ironwood in the state of Michigan, and reciting that such depositions were to be used upon the hearing of the motion for dismissal.    The affidavit accompanying such notice recited the nature of plaintiff's cause of action; that discovery was sought of such witnesses as to whether defendant was doing business within the state of Wisconsin on February 27, 1915, and whether said Blackhurst was on that day attending to business of the defendant as one of its officers.

The defendant then moved to set aside such proposed examination, and the court below held that such examination was proper and denied defendant's motion.

It is urged that, with the liberal construction that should be given to this statute, such an application as was made to the court in this case to set aside the service of summons is such a "proceeding" as is covered by the language of the statute providing that depositions may be taken "in any action or proceeding, at any time after the commencement thereof and before judgment."

By statute, sec. 2594, all remedies arc divided into "actions" and "special proceedings." It is therefore in these two methods of obtaining relief that such examination may be had at any time after their commencement and before judgment for the purpose of either preparing for pleading or for trial.

In *Ellinger v. Equitable L. A. Soc.* 125 Wis. 643, 104 N. W. 811, it was held that an application under sec. 4183, Stats., for the examination of books and records was a provisional remedy as distinguished from a mere motion or ordinary proceeding in an action, and therefore such an examination under sec. 4096 was held proper; the lower court having denied the right to such an examination under the theory that an application under that sec. 4183 was but a mere motion in the action.

The character of such a proceeding is not changed no matter how formal the method may be by which it is presented. *State v. Wis. Tel. Co.* 134 Wis. 335, 113 N. W. 944.

In the case at bar the application to dismiss the apparent service of the summons was a mere motion in the action and cannot be considered as such a proceeding as is distinguished from and set over against an action in sec. 4096 by the use of those terms "action" and "proceeding." We therefore hold that sec. 4096 does not give sufficient warrant for the holding of such an adverse examination in connection with a motion such as this is here held to be, and that the court below was in error in so holding.

*By the Court.*—The order of the circuit court is reversed, and the action remanded with directions that the proceedings under sec. 4096, Stats., be quashed.