SCHEIDERER, Appellant, vs. A. GEORGE SCHULZ COMPANY, Respondent.

*March 4—April 2, 1919.*

*Milwaukee civil court: Appeal: Reversal in circuit court: Judgment, where to be entered: Master and servant: Injury to minor employee: Safety of working place: Contributory negligence: Action by parent: Former action by minor: Res judicata: Stare decisis: Parties: Guardian ad litem.*

1. Where, on appeal, the circuit court reverses a judgment of the Milwaukee civil court without granting a new trial, the proper judgment should, under sub. 5, sec. 28, ch. 549, Laws 1909, be entered in the circuit court and the costs taxed and inserted therein by the clerk of the circuit court.

2. An order of the circuit court, in such a case, reversing the judgment of the civil court and remanding the cause to the civil court for the entry there of judgment with costs, will be treated, on an appeal therefrom, as a judgment of the circuit court.

3. In an action by a parent to recover for injuries to her minor son whose fingers were cut off by the knives of a machine operated by him in defendant's factory to cut the corners from card-board squares, the evidence—showing, among other things, that he was familiar with the machine and fully aware of the dangers incident to its operation—is *held* to have warranted the circuit court in holding, contrary to the jury's finding in the civil court, that in using his fingers to clean out the slots under the knives, without blocking the treadle of the machine, the boy was guilty of contributory negligence which precluded a recovery.

4. A judgment dismissing a former action by the son in which he appeared by his mother as his guardian *ad litem* and in which the jury found him guilty of *contributory negligence*, was not binding, under the doctrine of *res judicata*, in the action by the mother; nor could the verdict in such former action be held to operate as an estoppel, on the principle of *stare decisis*, where the evidence in that action was not before the court in the later action.

5. Where, either as a plaintiff or a defendant, an infant appears by a guardian *ad litem* appointed by the court, the infant, not the guardian *ad litem*, is the party to the action.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

The appeal is from an order reversing a judgment of the civil court in plaintiff's favor and dismissing the action. The action was brought by the plaintiff to recover damages she sustained through the injuries suffered by her minor son while in the employ of the defendant.

The defendant operates a box factory in the city of Milwaukee. In January, 1913, Clarence Scheiderer, plaintiff's son, a boy sixteen years of age, was employed in the scoring room of the defendant's factory. The machine at which he was working was known as a corner-cutting machine, which cuts the corners from card-board squares. This machine stands upright and is about four feet in height, having a flat horizontal surface in which there were two slots, into which knives attached to a post above the flat surface moved up and down so as to cut the corners from papers which were laid upon the surface of the table over the slots. The knives were operated by a treadle near the floor at the right-hand side of the machine. The operator used his foot in working this treadle. When he stepped on it the knives would descend through the slots, and when he removed the pressure of his foot they would return to their original position above the table. A piece of tin, attached to the floor, extended underneath and out from the front of the machine and extended in part over the place where the

operator stood.   A stick of wood was attached to one end of the treadle, and the other end lay loose upon the floor.

According to the complaint of the plaintiff, on January 10, 1913, the machine at which Clarence Scheiderer was working became clogged.   While removing the clogged paper from the slots he came in contact with the stick attached to the treadle, causing the knives to come down and amputate four of his fingers at the knuckles.   The plaintiff alleges negligence on the part of the defendant in that the tin under the machine was allowed to become oily and greasy, making the operator's footing insecure and unsafe.   She also alleges that the defendant was negligent in failing to adopt and use appliances to remove clogged paper from the machine; that the work required of Clarence Scheiderer at the time of his injury was greater than his strength could endure; that he was not supplied with adequate helpers or assistants and was not warned of the dangers of his employment and the operation of the machine.

The answer of the defendant denies that the machine was defective and unsafe.   As a separate defense is pleaded the action of the circuit court of Milwaukee county, wherein Clarence Scheiderer is plaintiff and against this defendant, in which judgment was rendered against the plaintiff in favor of the defendant and action dismissed upon the finding of the jury that the plaintiff was guilty of contributory negligence.

In the special verdict the civil court in this action found that the defendant permitted Clarence Scheiderer to be in a place of employment which was not as safe as the nature of the employment would reasonably permit; that this fact was the proximate cause of the injury to Clarence Scheiderer; that the defendant failed to adopt and use methods for the conduct of its business which were adequate to render the employment of Clarence Scheiderer as safe as the nature of the employment would reasonably permit; that such failure was the proximate cause of the injury to Clarence Scheid-

erer; that the failure of the defendant to warn Clarence Scheiderer of the dangers of his employment was a proximate cause of his injury; that Clarence Scheiderer slipped on the oil or grease upon the piece of tin in front of his machine, thereby causing the injury; that he pursued the customary method and process of removing the cardboard from the slots when he did not first adjust a block under the treadle; and that he was not guilty of want of ordinary care contributing to cause his injury.

Judgment was entered awarding the plaintiff $1,325.24 damages and costs. The circuit court, upon review of the case, dismissed the complaint upon the merits and ordered that the cause be remanded to the civil court and that the clerk of the civil court enter judgment in favor of the defendant and against the plaintiff, with costs. This is an appeal from such order.

*Henry W. Stark* of Milwaukee, for the appellant.

For the respondent there was a brief by *Doe, Ballhorn & Walker* of Milwaukee, and oral argument by *Joseph B. Doe.*

SIEBECKER, J. The record shows that the circuit court entered an order reversing the judgment of the civil court, and ordered that the cause be remanded to the civil court with directions that judgment be there entered dismissing the plaintiff's complaint, with costs. This order of the circuit court, made pursuant to the civil court act (ch. 549, Laws 1909, as amended; secs. 1275–1337, Milwaukee County Laws, 1912), is in effect a judgment of the circuit court and we must so regard it. It is clear that secs. 1334–1337 inclusive (sub. 2–5, sec. 28, ch. 549, Laws 1909, as amended by ch. 320, Laws 1913), prescribing the proceedings on appeal in actions from the civil court to the circuit, provide that on appeal from a judgment the circuit court is required to affirm, reverse, or modify and affirm as modified, the judgment appealed from upon the original papers

and the return of the clerk of the civil court.    Sec. 1337
(sub. 5, sec. 28, ch. 549, Laws 1909) provides that if a civil
court judgment is affirmed, or affirmed as modified, it shall
be entered and docketed in the circuit court as if originally
rendered therein and thereby become a judgment of the cir-
cuit court.    No specific direction is provided as to what pro-
ceeding shall be had if the judgment appealed from is
reversed when no new trial is granted.    The following
clause in sec. 1337 (sub. 5, sec. 28, ch. 549, Laws 1909) is
controlling in such cases:

"The proceedings upon any appeal from any judgment
or order of the civil court, except as herein otherwise pro-
vided, shall be governed by the provisions of chapter 160 of
the Statutes relating to appeals from justices' courts and
judgments of justices of the peace so far as such provisions
may be applicable thereto."

Under these provisions the circuit court was authorized
to reverse the judgment appealed from and enter judgment
dismissing the complaint and award defendant recovery of
the costs to which it is entitled under the statute in the civil
and circuit courts, and in order to perfect the judgment the
clerk of the circuit court should have been directed to tax
such costs and insert them in the circuit court judgment.

The circuit court held that the jury's finding that Clar-
ence Scheiderer was not guilty of any want of ordinary care
proximately contributing to cause the accident is without
support in the evidence.    The circuit court set forth and col-
lected the evidence on the subject in an elaborate opinion
which would unduly extend the report of the case if given in
detail here.    Reference thereto clearly shows that Clarence
Scheiderer was familiar with the machine and all its sur-
roundings; that he had had explained to him the method of
operating the treadle, the use of the button under the treadle
to prevent the machine from operating, and the danger to
his hands if put under the knives if the machine should be
accidentally started by coming in contact with the treadle or

the attached stick; that he was supplied with an iron hook to clean the slots when they became clogged; and that he observed other operators use their fingers to clean out the slots. Among the facts he testifies to are these:

". . . Before my knee slipped off the rod I knew that the button was not under the treadle. . . . I didn't think of it until I got down on the floor, and when I got down on the floor I first thought of the treadle or the block. . . . I knew in the position my hand was it would cut my fingers."

It is manifest from this testimony that he was fully aware of the dangers incident to operating the machine under the methods and processes that the work was being done; that he failed to exercise ordinary care to use the appliances and the methods to protect himself from the hazards incident to and known to him in operating the machine, and that such want of care on his part contributed to produce the accident. It necessarily follows that plaintiff is not entitled to recover on her complaint.

It is contended that the circuit court erred in holding that the judgment rendered in the action of Clarence Scheiderer by his guardian *ad litem, Caroline Scheiderer,* the plaintiff herein, and against this defendant, is not *res adjudicata* in this action. It is clear that *Caroline Scheiderer,* this plaintiff, was only technically a party to the former action. A guardian *ad litem* in an action is appointed by the court and answerable to the court. The infant is the party. "The fact that he appears by guardian *ad litem* does not make two parties plaintiff [or defendant]. Failure to appoint a guardian *ad litem* for a minor does not throw him out of court." *Rohleder v. Wright,* 162 Wis. 580, 156 N. W. 955. Nor was the plaintiff in any sense the real party in interest to that action; she had no interest in or right to the son's cause of action or the judgment he might obtain. Her relationship to the son's cause of action and any judgment therein was that of a stranger. She had no interest or property right therein, nor did she in any way

succeed to any of the son's rights.   Under such conditions no grounds for the application of the principle of *res adjudicata* exist as claimed by defendant.   Upon the point made by the defendant that the verdict in the son's action operates as an estoppel because the jury there found him guilty of contributory negligence upon the principle of *stare decisis,* it is sufficient to say that the evidence in the former suit is not before the court and hence it cannot be known on what the verdict in that case rested nor whether the evidence on the issue of contributory negligence is identical in the two actions.   We have above indicated that the order of the circuit court from which this appeal is taken is in effect a judgment.

*By the Court.*—The judgment is affirmed.

Kerwin and Rosenberry, JJ., took no part.