HORLICK'S MALTED MILK COMPANY, Appellant, vs. A.
SPIEGEL COMPANY and others, Respondents.
SAME, Respondent, vs. SAME, Appellants.

*November 20—December 9, 1913.*

*Discovery: Examination of party before issue joined: Nature and*
*scope: Unfair trade: Reports of agents and employees: Dis-*
*closure of names of witnesses: Formula of food product: Pro-*
*duction of physical objects: Privileged communications: Attor-*
*ney and client: Unreasonable searches and seizures: Constitu-*
*tional law: Discretion of trial court: Appeal: What orders ap-*
*pealable.*

1. An examination under sec. 4096, Stats., is in the nature of a
   cross-examination. The statute has been amended from time
   to time so as to accomplish full disclosure and should be liber-
   ally construed to that end.
2. The examination of a corporate officer under the statute, after
   complaint served but before answer, is subject to the same
   rules as that of any other witness, the only restriction being
   that he cannot be compelled to disclose anything not relevant
   to the controversy.
3. The examination is very largely in the discretion of the trial
   court, and its order made in proceedings under the statute
   will not be disturbed on appeal except for clear abuse of such
   discretion.
4. In an equitable action to restrain defendant from selling a
   spurious article as and for a product manufactured by plaint-
   iff corporation, an officer who verified the complaint, in which
   the making of deceptive sales was averred on information and
   belief, may properly be required, in an examination under
   said sec. 4096, to disclose the contents of reports made to him
   concerning such sales, by employees and agents of the cor-
   poration, which formed the basis of the allegations of the com-
   plaint.
5. Reports made by employees and agents of a corporation to a
   superior officer for the purpose of enabling the corporation to
   bring or prosecute an action, are not privileged.
6. The privilege existing between attorney and client is confined
   strictly within the limits of the statute (sec. 4076, Stats.) and
   extends only to communications made by the client to his at-
   torney and the advice given thereon by the latter in the course
   of his professional employment.
7. In an action for unfair trade, questions asked of a corporate
   officer who verified the complaint, upon his examination under

sec. 4096, as to the names and addresses of persons making reports to the corporation upon which he based his belief of the truth of the complaint, and whether such reports were in writing or by parol, did not call for the disclosure of trade secrets, nor did they constitute an unreasonable search or seizure under secs. 11, 22, art. I, Const. of Wis., or under the Fourth amendment, or sec. 1 of the Fourteenth amendment, to the federal constitution.

8. Where it is not clear that evidence called for under sec. 4096 is within the knowledge of the party calling for it, the discretion of the trial court in requiring the questions to be answered will not be interfered with.

9. Where a complaint for unfair trade charges substitution of a spurious article for a food product manufactured by plaintiff, the ingredients of plaintiff's product involve a vital issue in the case, and questions on that subject are therefore relevant and proper.

10. It was also proper upon such examination to direct the witness to produce certain bottles and their contents from which the alleged substitution was made, which had been in defendant's store but which had been delivered before the action to an agent of the plaintiff.

11. Under the provision of sec. 4096, Stats., that a party may be required to produce upon his examination "all books, papers, files, records, things, and matters," etc., the production of any article, though of a physical character, which is relevant to the controversy may be compelled.

12. Although an examination under sec. 4096 is a substitute for the old bill of discovery, the statute goes further than the bill of discovery and an examination under it is not governed nor limited by the rules in chancery.

13. An order directing that a party need not answer certain questions asked of him on his examination under sec. 4096, Stats., is not appealable.

APPEALS from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed on plaintiff's appeal; defendants' appeal dismissed.*

The plaintiff commenced an action against the defendants by service of summons and complaint. The complaint alleges that the plaintiff and defendant *A. Spiegel Company* are Wisconsin corporations, and further alleges:

"3. On information and belief, that defendant *Adolph Spiegel* is and at all the times hereinafter mentioned has been

the president of defendant *A. Spiegel Company* and in active charge and direction of its business, and that he ordered, directed, assisted, confederated, and connived in and about and at the acts hereinafter set forth on the part of the defendant *A. Spiegel Company* and was an active participant therein.

"4. On information and belief that defendant *Robert Kiefer* is and at all times hereinafter mentioned has been an employee of defendant *A. Spiegel Company,* to wit, the manager of the Grand Avenue store thereof; that by and with the advice and at the direction and suggestion of defendant *Adolph Spiegel* said defendant ordered, directed, assisted, confederated, and connived in and about and at the acts hereinafter set forth on the part of the defendant *A. Spiegel Company* and was an active participant therein.

"5. That for upwards of ten years last past plaintiff has manufactured in its factory located near the city of Racine, Wisconsin, and sold throughout the city of Milwaukee, in the state of Wisconsin, a food product under the name of Horlick's Malted Milk, and has continuously sold said product under the name of Horlick's Malted Milk and has labeled each package containing said product with said name, and said product has come to be widely known throughout the said city of Milwaukee by both dealers and retailers of such substances and by the consumers thereof as being the product of plaintiff's factory. That plaintiff company is the only company manufacturing said product and selling the same under the name of Horlick's Malted Milk in the state of Wisconsin or in the United States.

"6. Plaintiff further shows that on the 8th day of December, 1903, it duly filed for record in the office of the secretary of the state of Wisconsin and with the register of deeds of the county of Racine, in said state, said county being the county in which plaintiff at said time had its principal place of business, a written statement adopting a label or trademark as follows, to wit: *'HORLICK'* *'In All Forms, Combinations and Colors.'* That said statement was duly verified as required by law and was duly published once a week for three successive weeks in a newspaper printed in the English language and of general circulation in said Racine county, and due proof of publication thereof as provided by law was filed in the office of said register of deeds of said county of Racine.

"7. Plaintiff further shows that for more than ten years last past it has sold and marketed its said product under its said name in said city of Milwaukee by means of signs and dispensing jars, which have been given to druggists throughout the city of Milwaukee, state of Wisconsin, United States of America, and elsewhere, and which have been by them prominently displayed in their said drug stores, and particularly in connection with the operation of soda fountains, and which said signs and dispensing jars have borne prominent labels bearing the words, 'Horlick's Malted Milk' and the word 'Horlick's;' and that said words have become generally known to said druggists and their customers throughout said city of Milwaukee as referring to and identifying plaintiff's said product. That said dispensing jars are of a peculiar and distinctive shape and style and bore and bear prominent labels in blue containing the words 'Horlick's Malted Milk' and have blown in the glass the work 'Horlick's' and were and are by numbers of druggists in said city of Milwaukee prominently displayed upon soda fountains and were and are used by them for serving plaintiff's malted milk at their said soda fountains.

"8. That for some time prior to the commencement of this action, the exact length of which plaintiff is unable to state, but alleges on information and belief that said time is at least two years, defendant *A. Spiegel Company* had been operating a drug store in said city of Milwaukee at the corner of Grand avenue and West Water street, and has been operating a branch store in said city at No. 414 National avenue. That at each of said places it had and has a soda fountain, and has and had prominently displayed therein dispensing jars and signs furnished by plaintiff and bearing the label 'Horlick's Malted Milk,' and has and had a flourishing trade in the sale of malted milk at its said soda fountains.

"9. Plaintiff further shows on information and belief that during said time last mentioned said defendant *A. Spiegel Company,* notwithstanding plaintiff's rights in the premises, and well knowing the same, has filled said dispensing jars and prominently displayed the same, and offered and exposed for sale in said jars a product or products other than the said product of plaintiff. That plaintiff is informed and believes that said products so offered and exposed for

sale are and were the products of competing manufacturers, to wit, Borden's Malted Milk, a product manufactured by Borden's Condensed Milk Company, a New Jersey corporation, and Thompson's Hemo Malted Milk, a product manufactured by Thompson's Malted Food Company, a Wisconsin corporation; and that said products and each of them were and are sold by said defendants, its agents, servants, and employees, placing said product and each of them in said dispensing jars labeled 'Horlick's Malted Milk' and selling the said products therefrom as and for the product of the plaintiff company. That said acts and each of them constitute a deception upon the customers and upon the public and a fraud upon the rights of the plaintiff company, and constitute a violation of its trade name hereinbefore set forth.

"10. Plaintiff further alleges on information and belief that defendant *A. Spiegel Company* has derived large profits through the sale by it in the said city of Milwaukee of a product or products other than plaintiff's said product and for plaintiff's said product under its said name, but that it cannot with certainty state the amount.

"11. On information and belief plaintiff further shows that said defendant *A. Spiegel Company* has threatened and given out and stated that it will continue so to sell products other than plaintiff's product as and for plaintiff's said product under its said name."

The prayer is that defendants, their officers and agents be restrained from placing, selling, offering, or exposing for sale any product other than plaintiff's said product in any dispensing jar labeled "Horlick's Malted Milk," or from selling, offering, or exposing for sale any product other than plaintiff's said product as and for plaintiff's said product; and that the defendants account for and pay over to the plaintiff all profits realized by them or any of them upon sales of said products other than plaintiff's said product sold by them as and for plaintiff's said product under its name in said city of Milwaukee.

The complaint was verified upon information and belief by A. J. Horlick, vice-president of plaintiff, and said Hor-

lick was examined under sec. 4096, Stats., before a court commissioner of Milwaukee county after service of the complaint and before answer. The commissioner ordered the witness to answer several questions and upon refusal ordered him committed for contempt. On review in the circuit court the court ordered several of the questions answered and held that others need not be answered, and made an order punishing the witness for contempt for refusal to answer the questions ordered answered. Both parties appealed from the order.

For the plaintiff there was a brief by *Lines, Spooner, Ellis & Quarles,* and oral argument by *Louis Quarles* and *George Lines.* They contended, *inter alia,* that, a party examined under the statute being subject to the same rules as other witnesses and obliged to disclose only matters relevant to the controversy, the examination must be confined to matters within his personal knowledge. *Richards v. Allis,* 82 Wis. 509, 514, 52 N. W. 593; *Kelly v. C. & N. W. R. Co.* 60 Wis. 480, 19 N. W. 521. Reports from agents are not in themselves evidence or relevant. Jones, Ev. (2d ed.) § 345; *La Abra S. M. Co. v. U. S.* 175 U. S. 423, 499, 20 Sup. Ct. 168; *Vicksburg & M. R. Co. v. O'Brien,* 119 U. S. 99, 7 Sup. Ct. 172; *San Antonio & A. P. R. Co. v. Manning,* 20 Tex. Civ. App. 504, 50 S. W. 177; *Ins. Co. of N. A. v. Guardiola,* 129 U. S. 642, 9 Sup. Ct. 425; *North Hudson Co. R. Co. v. May,* 48 N. J. Law, 401, 5 Atl. 276; *Chicago & N. W. R. Co. v. Fillmore,* 57 Ill. 265; *Atchison, T. & S. F. R. Co. v. Burks,* 78 Kan. 515, 96 Pac. 950; *Powell v. N. P. R. Co.* 46 Minn. 249, 48 N. W. 907; *Brady v. North Jersey St. R. Co.* 76 N. J. Law, 744, 71 Atl. 238. Such reports are not admissions. *Ex parte Schoepf,* 74 Ohio St. 1, 77 N. E. 276; *Carroll v. E. T., V. & G. R. Co.* 82 Ga. 452, 10 S. E. 163. They were privileged. *Koeber v. Somers,* 108 Wis. 497, 84 N. W. 991; *Herman v. Schlesinger,* 114 Wis. 382, 90 N. W. 460; *Dudley v. Beck,* 3 Wis. 246; *Cully v. N. P. R. Co.* 35 Wash. 241, 77 Pac. 202; 6 Ency.

Pl. & Pr. 750; *Wheeler v. Le Marchant,* L. R. 17 Ch. Div. 675; *Davenport Co. v. P. R. Co.* 166 Pa. St. 480, 31 Atl. 245; *Dampman v. P. R. Co.* 166 Pa. St. 520, 31 Atl. 244; *Spinney v. Boston E. R. Co.* 188 Mass. 30, 73 N. E. 1021. A party cannot be compelled to disclose the names of his witnesses. *Phipps v. Wis. Cent. R. Co.* 130 Wis. 279, 110 N. W. 207; *Wabash & W. R. Co. v. Morgan,* 132 Ind. 430, 31 N. E. 662, 32 N. E. 85; *Collins v. C. & N. W. R. Co.* 150 Wis. 305, 136 N. W. 628; *Robbins v. Brockton St. R. Co.* 180 Mass. 51, 61 N. E. 265; 4 Wigmore, Ev. § 2484. Every individual is entitled to protection in his private documents, books, and papers and to immunity against unreasonable searches and seizures. *Hale v. Henkel,* 201 U. S. 43, 26 Sup. Ct. 370; *Ex parte Brown,* 72 Mo. 83; *Shaftesbury v. Arrowsmith,* 4 Ves. Jr. 66; *Lee v. Angas,* L. R. 2 Eq. 59; *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900.

For the defendants there was a brief by *Glicksman, Gold & Corrigan,* and oral argument by *W. L. Gold.*

KERWIN, J. On the plaintiff's appeal it is contended that the court below was in error in ordering the witness to answer certain questions and in ordering him committed for contempt in refusing to do so. As appears from the complaint, the action was brought for what is known as unfair trade, the plaintiff claiming in its complaint that the defendant was selling products, not the product of the plaintiff, as and for the plaintiff's product. The first group of questions under consideration are those relating to reports of sales. The plaintiff claimed the defendant made sales of products other than plaintiff's and represented them to be the plaintiff's product. These questions are numbered in plaintiff's brief and the printed case as follows: 378, 381, 382, 384, 385, 386, 387, 389, 395, 396, 397, 405, 406, 413, 415, 416, 424, 456, 457, 460, 482, 483, 507, 511, 512, and 517. It developed during the examination that the plaintiff ob-

tained its alleged information upon which it made and veri-
fied its complaint from reports made through its employees.
That one Sugden, an employee of plaintiff, employed one
Bates to go to defendant's store and procure a bottle and
contents represented to contain plaintiff's product. Coun-
sel for defendants then sought to obtain the reports upon
which the complaint was made and verified by a series of
questions, hereinbefore set forth. Question No. 378 was as
follows:

"Q. 378. Did you have any written reports from Bates
and Sudgen (Sugden) or any other source as to the claimed
substitution by the defendant *Spiegel Company* of some other
malted milk for Horlick's Malted Milk at their soda foun-
tains?"

Other questions pursued the same line of inquiry. The
contention of plaintiff under this head is that the ruling of
the court below requiring these questions to be answered was
erroneous for the following reasons: "(a) The reports were
not in themselves evidence nor relevant. (b) Reports of an
agent to his principal are not admissions. (c) The reports
were privileged. (d) Their production would constitute an
unreasonable search and seizure. (e) The witness cannot be
interrogated as to matters not within his knowledge."

Sub. 5 of sec. 4096, Stats., among other things, provides:

"But should the defendant desire an examination of the
plaintiff, his or its agent, employee, or officer, before issue
joined, said defendant shall be entitled to examine said
plaintiff, agent, employee, or officer, on all points set out in
the complaint, as though the same had been put in issue;
but such examination shall not preclude the right to another
examination after issue joined upon all the issues in the
cause. . . ."

This court has held that an examination under sec. 4096 is
in the nature of a cross-examination. The statute has been
given a liberal construction by this court. From time to

time the legislature has amended it so as to accomplish full disclosure under it.   The statute in its present form provides for examination before issue joined or any pleading served; for examination after complaint is served; and also for examination after issue joined. ·

In the instant case the examination was had after service of the complaint, hence the defendants were entitled "to examine said plaintiff, agent, employee, or officer, on all points set out in the complaint, as though the same had been put in issue."   The statute also provides that the examination under sec. 4096 shall be subject to the same rules as that of any other witness, but that the witness shall not be compelled to disclose anything not relevant to the controversy. In the case at bar the examination was had under stipulation dispensing with notice and affidavit required by the statute in examinations before issue joined.   It is therefore contended by counsel for plaintiff that the complaint stands alone as the basis of the examination, which must be confined to the points set out in it.   Conceding this to be true for the purpose of this case, we still think that under the statute and the decisions of this court the examination is in the nature of a cross-examination.   *Cleveland v. Burnham,* 60 Wis. 16, 21, 17 N. W. 126, 18 N. W. 190.

The examination of the witness in the instant case was subject to the same rules as that of any other witness, the only restriction being that he could not be compelled to disclose anything not relevant to the controversy.   *Kelly v. C. & N. W. R. Co.* 60 Wis. 480, 19 N. W. 521; *Richards v. Allis,* 82 Wis. 509, 514, 52 N. W. 593.

The statute also provides (sub. 3):

"The attendance of the party to be examined, and the production of all papers, books, files, records, things, and matters in the possession of such party, his or its assignors, officers, agents, or employees, relevant to the controversy, may be compelled upon subpœna and the payment or tender of his fees as a witness."

Sec. 4097, Stats., provides for punishment for contempt in case of neglect or refusal to testify or to have on the examination any papers, books, files, records, things, or matters in his possession relevant to the controversy. The theory of the statute is to afford full discovery of all matters relevant to the controversy. *Schmidt v. Menasha W. W. Co.* 92 Wis. 529, 66 N. W. 695; *Hughes v. C., St. P., M. & O. R. Co.* 122 Wis. 258, 99 N. W. 897.

The examination is very largely in the discretion of the trial court, and the order of the court in proceedings under the statute can only be disturbed for clear abuse of such discretion. *American F. P. Co. v. American M. Co.* 151 Wis. 385, 138 N. W. 1123.

Proceeding to the specific objections of counsel for plaintiff under this head we shall consider them in the order stated.

(a) It is first insisted that the reports were not in themselves evidence nor relevant. In considering this objection it will be well to keep in mind the nature of the action. It may be regarded as an action based upon unfair trade. In all such actions brought in equity to restrain others from selling an article alleged to be an invasion of the plaintiff's rights, the plaintiff must come into court with clean hands. *Lemke v. Dietz,* 121 Wis. 102, 98 N. W. 936; *United States T. Co. v. McGreenery,* 144 Fed. 531; *Capewell H. N. Co. v. Putnam N. Co.* 140 Fed. 670.

The plaintiff must be able to maintain that the claim set up in its complaint was founded in truth and its commodity what it purported to be and that it was not itself deceiving the public. The question, also, whether the sales which plaintiff claims the defendants made were deceptive sales was relevant, and this, of course, makes relevant the question of how the sales were made, and whether there was in fact deception, how and to whom the sales were made, what the purchaser asked for, and what he was given. .

The averment in the complaint that the sales were de-

ceptive is upon information and belief, and this averment is based upon reports. The reports are therefore relevant because they may show that the sales were not in fact deceptive or that they were deceptive. There are perhaps other reasons why the reports were relevant, but the foregoing are sufficient for the present. It is therefore clear that the reports were relevant to the inquiry. While they might not be competent to establish the truth of the facts therein stated, they were facts tending to show the basis of the plaintiff's claim as set up in its complaint and the ground of plaintiff's belief as to whether it had a cause of action or not. The cases cited by plaintiff under this head do not reach the question here. *La Abra S. M. Co. v. U. S.* 175 U. S. 423, 20 Sup. Ct. 168, holds that the admissions of agents do not always bind the principal. This is good law, but does not apply here. The question here is, Were such reports made, what were they, and did they form a basis for the action? Other cases are cited to the effect that reports or statements made under certain circumstances do not bind the principal and are not admissions. It developed on the examination in the case at bar that the complaint was made, verified, and the action begun on the strength of the reports which were sought to be obtained on the examination.

(b) The point made by counsel for plaintiff under this head to the effect that reports of an agent to his principal are not admissions is sufficiently answered by what has been heretofore said.

(c) It is urged under this head that the reports were privileged. This contention is based upon the ground that the reports called for were made by employees either to plaintiff's attorneys or to the witness as a corporate officer for the purpose of enabling plaintiff to prosecute this action, hence the reports are within the privilege of attorney and client. But the court in ordering the witness to answer limited its order as follows: "Excepting that said A. J. Horlick

need not, in answer to any of said interrogatories, testify as to any conversations or reports of plaintiff's officers or agents with or to plaintiff's attorneys, or conversations or reports by plaintiff's attorneys with or to plaintiff's officers or agents." Counsel for plaintiff insists that the court construed the privilege too narrowly, and that the privilege should extend to all reports from employees and agents which were made to a superior officer for the purpose of enabling the corporation to bring and prosecute this action or which were used therefor.

Our statute, sec. 4076, defines the privilege existing between attorney and client thus: "An attorney or counselor at law shall not be allowed to disclose a communication made by his client to him or his advice given thereon in the course of his professional employment." This statute has been construed by this court. *Koeber v. Somers,* 108 Wis. 497, 84 N. W. 991; *Herman v. Schlesinger,* 114 Wis. 382, 90 N. W. 460.

*Dudley v. Beck,* 3 Wis. 274, is relied upon by plaintiff. An examination of this case will show that it does not extend the privilege beyond the terms of the present statute. In that case the question of usury was the issue and the relation of attorney and client existed in respect to the controversy. The examination was upon commission under the old practice to take testimony out of the state. The lower court held the communications privileged, and this court reversed it, holding they were not. But the whole question has been gone over by this court in later cases, notably *Koeber v. Somers, supra,* and *Herman v. Schlesinger, supra,* and the privilege confined strictly within the limits of the statute. The case of *Dudley v. Beck, supra,* is discussed in *Koeber v. Somers, supra.*

Many decisions are cited from other jurisdictions by counsel for plaintiff, all of which have been examined. Many of them are not in point, and others distinguishable from the

case at bar. We shall not prolong this opinion by a discussion of them, because we think the case here is ruled by our statute and the decisions of this court. The restriction of the examination by the court below was as broad as the privilege guaranteed by the statute.

(d) It is contended under this head that the production of the reports would constitute an unreasonable search and seizure, because it would allow defendants to uncover the business transactions of plaintiff, including its trade secrets. Whether the defendants were entitled to the trade secrets of plaintiff respecting the matter in controversy we need not decide, because we think the order of the court below does not go to the extent of requiring their production, as appears from the questions falling under this head, namely, Nos. 387, 405, 406, 413, 415, 424, 378, 381, 397, 424, 416, 374, 378, 384, 385, 386, and 446. Of these questions No. 381 is a fair example. "Q. 381. If you have any reports upon which you base your belief as to the truthfulness of that allegation, will you please tell me by whom such reports were made, whether in writing or by parol?" This question was objected to on several grounds, and among others that an order compelling an answer would constitute an unreasonable search and seizure under secs. 11 and 22 of art. I. Const. of Wis., and the Fourth amendment to the constitution of the United States, and sec. 1 of the Fourteenth amendment to the federal constitution. On this point counsel relies on *Hale v. Henkel,* 201 U. S. 43, 26 Sup. Ct. 370. That case is clearly distinguishable from the instant case. There it was held that an order for books and papers may be so drastic and unreasonable as to violate the constitutional provisions. Referring to the order the court said:

"It does not require the production of a single contract, or of contracts with a particular corporation, or a limited number of documents, but all understandings, contracts, or correspondence between the MacAndrews & Forbes Com-

pany, and no less than six different companies, as well as all reports made and accounts rendered by such companies from the date of the organization of the MacAndrews & Forbes Company, as well as all letters received by that company since its organization from more than a dozen different companies, situated in seven different states in the Union."

The opinion further refers to the fact that the order was so sweeping, if executed, as to put a stop to the business of the company and therefore was unreasonable. No such objection can be made to the order here. The evidence sought to be obtained in the instant case was relevant on the matters put in issue by the plaintiff's complaint, and the order imposed no unreasonable burden upon the plaintiff. If the examination under the statute should be limited as insisted by counsel for plaintiff, the beneficent purpose of the statute so often referred to by this court would be greatly impaired. *Boyd v. U. S.* 116 U. S. 616, 6 Sup. Ct. 524, is also cited by counsel for plaintiff, but it will be seen that that case is not in point here. In that case it was held that the seizure or compulsory production of a man's private papers, to be used in evidence against him in a prosecution for a crime, penalty, or forfeiture, is unconstitutional.

(e) Respecting the point that a witness cannot be compelled to answer as to matters not within his knowledge, an examination of the record convinces us that no such order was made. The evidence developed upon the examination shows that the witness was only ordered to testify or produce where he had knowledge of the facts or could produce the things.

Question No. 400, asking for shape and style of dispensing jars from which the substitution was alleged to have been made and which for a time were in possession of the defendants, and question No. 416, asking for dates on which the substituted product was offered for sale, and question No. 511, asking for name of employee or officer of the de-

fendant company who it is claimed threatened to continue the substitution, were objected to as calling for evidence within the knowledge of the defendants and not within the personal knowledge of the witness, on the ground that the purpose of the statute is to give the party seeking the examination discovery of the facts not within his knowledge.

Counsel on this point relies on *Badger B. M. Co. v. Daly,* 137 Wis. 601, 119 N. W. 328; *Ellinger v. Equitable L. A. Soc.* 138 Wis. 390, 120 N. W. 235. We cannot see that these cases are in point here. In *Badger B. M. Co. v. Daly, supra,* the appeal was from an order limiting the examination asked by defendants, and it was held that the order was proper under the discretionary power of the court, and that no further examination than as provided by the order was necessary, and that matters on which examination was asked and not allowed by the order were obviously within the knowledge of the defendants. In the *Ellinger Case* it was held that the affidavit of a party for examination under sec. 4096 is not conclusive upon the trial court as to matters necessary to enable him to plead; and such court may in its discretion limit the subjects to which the examination shall extend or may forbid the examination entirely, and its discretion will not be disturbed unless there be abuse of discretion. It is by no means clear from what developed upon the examination that the evidence sought was obviously in the possession of the defendants, and the court below was in a better position to pass upon that question than this court. It cannot be said in the instant case that there was an abuse of discretion.

Questions Nos. 363 and 364 ask for ingredients of an abandoned product of plaintiff, and for the ingredients of "Horlick's Malted Milk," its present product. The ingredients of the plaintiff's product involved a vital issue in the case, because it was necessary to determine whether the

plaintiff's product was what it was represented to be; there-
fore the evidence as to what the ingredients are, was rele-
vant to the issue.

Questions Nos. 374 and 446 ask that the witness produce
certain bottles and contents which were in defendant's store
and from which the substitution was made.    Testimony of
the witness showed that two dispensing jars labeled "Hor-
lick's Malted Milk" from which the substituted product was
alleged to have been sold by defendant were given to the
agent of the plaintiff by the defendant's employees, and the
production of these bottles and contents was requested by the
questions under discussion.

The claim of the plaintiff is that these questions were im-
proper for the reason that a party to a civil action is not en-
titled to an order for inspection of real or personal prop-
erty in the possession of the opposing party in the absence
of statute, and that sec. 4096, which provides for the pro-
duction of "all papers, books, files, records, things, and mat-
ters . . . may be compelled upon subpœna, . . ." does not
include physical objects.    We think the construction of
counsel is too narrow.    The jars and contents, under the
issues raised by the complaint, were doubtless among the
most important matters in the case.    The fact that they were
physical objects did not exclude them from the terms of the
statute.    "Books, files, and records" are in a sense physical
things, at least to the extent of the material of which they
are composed, although they contain written information.
The board or shingle on which the scaler of logs or lumber
keeps his account is a physical thing, yet it would not be
contended that, if it contained evidence relevant to the case,
production of it could not be compelled under this statute.
The purpose of the statute is to get inspection of the evi-
dence contained in the books, files, records, and things.    If
the things, namely, the jars and contents, were relevant to
the controversy, they come within the terms of the statute.

Under this head we are cited by counsel for plaintiff to *Carpenter v. Winn,* 221 U. S. 533, 31 Sup. Ct. 683. The question in that case turned on the construction of sec. 724, R. S. of U. S., being the fifteenth section of the Judiciary Act, as to whether this act, which provided for production "in the trial," was broad enough to require production *before* trial. The court held that the provision was a substitute for the bill of discovery, and that it could be invoked only when the document sought "contained evidence pertinent to the issue" and "in cases and under circumstances. when they might be compelled to produce the same by the ordinary rules of proceeding in chancery." We are not limited, however, under our statute, which is a substitute for the bill of discovery, to the rules in chancery under the bill of discovery. Discovery was not a matter of strict right in equity under the bill of discovery. Discovery under sec. 4096 is broader than in equity. *Kelly v. C. & N. W. R. Co.* 60 Wis. 480, 19 N. W. 521; *Schmidt v. Menasha W. W. Co.* 92 Wis. 529, 66 N. W. 695; *Hughes v. C., St. P., M. & O. R. Co.* 122 Wis. 258, 99 N. W. 897.

In *Meier v. Paulus,* 70 Wis. 165 (35 N. W. 301), at page 170 this court said:

"The very object of the old bill of discovery was to procure evidence against the opposite party, to be used on the trial of an action. . . . The statute undoubtedly goes further than the bill of discovery, and not only allows an examination of the party as to those matters which the party seeking the examination cannot prove by other witnesses or testimony, but it allows an examination as to all the material issues in the action."

It is further insisted that a group of questions asking for names and addresses of witnesses were improper. For example, question No. 405 reads: "Q. You say you had some reports concerning the facts alleged to which I have called your attention. Who were these reports from?" "Q. No.

371. Where can Mr. Jack Bates, one of your employees whom you got to call on *Mr. Spiegel,* be addressed so that he can be reached?" "Q. 444. What is the chemist's name?" There was no abuse of discretion in ordering these questions answered, under the authorities hereinbefore cited. Counsel cites on this point *Collins v. C. & N. W. R. Co.* 150 Wis. 305, 136 N. W. 628. In that case it was held, on trial of the case, not error to exclude a question on cross-examination of plaintiff as to whether he had subpœnaed a certain named witness and as to whether he knew that such person would be a witness. The case has no bearing here. *Wabash & W. R. Co. v. Morgan,* 132 Ind. 430, 31 N. E. 661, 32 N. E. 85, is cited as being directly in point. The case seems somewhat in point, but we think it distinguishable, and if not distinguishable we cannot follow it under the liberal construction given our statute. But in the Indiana case the decision turned on the point that the questions were useless for any purpose. The form of the question was, "Who told you so?" 132 Ind. at page 436. The court held that the statute required the witness to testify to matters within his knowledge and that the question asked did not concern any matter stated in the pleadings.

*Spinney v. Boston E. R. Co.* 188 Mass. 30, 73 N. E. 1021, is also cited. But that case turned upon a statute providing that "the party interrogated shall not be obliged . . . to disclose the names of the witnesses by whom, or the manner in which, he proposes to prove his own case." So the case has no bearing here.

Without further extending this opinion, it is sufficient to say that we are convinced that there was no abuse of discretion in ordering the several questions answered, therefore the part of the order appealed from by the plaintiff must be affirmed.

We are of opinion that the defendants' appeal must be

dismissed for the reason that the part of the order appealed from by defendants is not appealable. Sec. 3069, Stats.

*By the Court.*—That part of the order appealed from by the plaintiff is affirmed. The defendants' appeal is dismissed.

BARNES, J., dissents from the decision on plaintiff's appeal.