Cousins, as Commissioner of Banking, Appellant, vs. Schroeder and others, Executors, imp., Respondents.

*May 5—May 27, 1919.*

*Banks and banking: Commissioner of banking: Official reports and records: Secrecy: "Trial."*

1. In view of sec. 2842, Stats. 1917, defining "trial," an examination of a plaintiff before answer, under sec. 4096, is not in substance and effect calling the party as a witness on a "trial in a court of justice" within the contemplation of sec. 2020, enjoining secrecy on the state commissioner of banking concerning official reports.

2. The words "or trial in a court of justice," in the clause "except when called as a witness in any criminal proceeding or trial in a court of justice," in said sec. 2020, Stats., refer to the preceding part of the clause specifying a criminal proceeding, and the word "trial" refers only to trials in criminal actions.

3. The duty imposed on the commissioner of banking by said sec. 2020 to keep secret all of the facts and information obtained in the course of an examination of a bank, is not terminated by the action of the commissioner in closing the doors of a bank and instituting liquidation proceedings.

APPEAL from an order of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

This action was brought by A. E. Kuolt, former commissioner of banking of the state, to recover of the defendants, as directors and personal representatives of directors of the now defunct Citizens Savings & Trust Company bank of Milwaukee (hereafter called the Trust Company), for alleged delinquencies in office as directors, resulting in loss and dissipation of the assets and capital of the banking corporation.    Mr. Kuolt was succeeded by the present plaintiff, who continued the action against the defendants.

After service of the complaint and an amended complaint, but before answering, the defendants *Schroeder* and *Wellauer's Executors* examined plaintiff before James H. Stover, circuit court commissioner, at Milwaukee on March 28, 1919.    Counsel for defendants, during this adverse examination, demanded that plaintiff produce certain official reports made by bank examiners concerning the condition of the Trust Company bank for a number of years prior to the closing of its doors.    These reports were on file in the office of plaintiff in the state capitol.

Plaintiff refused, upon advice of counsel, to produce these official reports and documents, basing his refusal on sec. 2020, Stats., enjoining secrecy on the commissioner of banking concerning official reports.

The court commissioner thereupon ordered the production of these reports and documents, and, upon the continued refusal of plaintiff to produce them, adjudged him in contempt, and a warrant of commitment was thereupon signed by the court commissioner.    The plaintiff secured from the circuit court an order to show cause why the order and warrant of the court commissioner should not be vacated.    Upon the hearing the circuit court confirmed the order and commitment issued by the court commissioner.    This is an appeal from such order.

For the appellant there was a brief by *Lawrence A. Olwell*

and *Bernard V. Brady,* both of Milwaukee, and oral argument by *Mr. Brady.*

For the respondents *Schroeder* and *Wellauer's Executors* there was a brief by *Frank M. Hoyt,* attorney, and *J. G. Hardgrove,* of counsel, both of Milwaukee, and oral argument by *Mr. Hoyt.*

SIEBECKER, J.    The circuit court commissioner and the circuit court held that an examination of a party to an action "otherwise than as a witness on a trial" under sec. 4096, Stats., which "may be taken by deposition at the instance of the adverse party in any action or proceeding, at any time after commencement thereof and before judgment," is in substance and effect calling the party as a witness on a "trial in a court of justice" within the contemplation of the provisions of sec. 2020, Stats.    This interpretation of sec. 4096 is contrary to the evident intent expressed by the words of the statute.    The word "trial" used in this connection is clearly used in the sense it had acquired in the law when the statute was enacted.    "Trial" in its legal meaning has been defined as "the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue for the purposes of determining such issue."    3 Bouv. Law Dict. 3320, and cases cited.    This definition is in harmony with the definition of a trial as used and defined in the statutes of this state concerning courts, actions, and proceedings in actions.    Sec. 2842 defines a trial as follows:    "A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact."    In *Carpenter v. Winn,* 221 U. S. 533, 31 Sup. Ct. 683, the court made an examination of the subject and declared that the word has acquired a broader significance than its original common-law meaning, and has come to mean "the final examination and decision of matter of law as well as fact, for which every antecedent step is a preparation."    In this case the court had under consideration the question whether the

federal statute (sec. 724, R. S. U. S.) providing a substitute for a bill of discovery in aid of a legal action was a proceeding "in the trial of actions at law," and it was there held that the word "trial" as used in the act of Congress did not include the substituted proceeding for a bill of discovery. This decision involved the identical question raised in the instant case under sec. 4096. It is apparent that the circuit court erred in holding in this case that an examination of a party "otherwise than as a witness on a trial" under this section of the statutes was an examination of him as a witness "in a trial" in the sense the word "trial" is used in sec. 2020. Such an examination precedes the "trial" of the action and is, as the words of the statute plainly indicate, "otherwise than as a witness on a trial." In construing sec. 2020 the court held that in the clause "except when called as a witness in any criminal proceeding or trial in a court of justice," the words "or trial in a court of justice" did not refer to the preceding part of the clause specifying a criminal proceeding, but that the word "trial" was intended to include all trials in civil and criminal actions. We cannot approve this interpretation of this clause. The phraseology seems clear and plain and must be given its ordinary significance. The words "any criminal proceeding or trial" in the grammatical relation and natural meaning as employed here convey the idea that this exception to the secrecy enjoined by the preceding part of the statute refers to criminal proceedings and trials. We are persuaded it was the legislative intent to restrict this exception to proceedings and trials in criminal actions, and the circuit court erred in holding that the words "or trial in a court of justice" included all trials in criminal and civil actions.

It is further contended by respondents that the ruling of the circuit court is justified on the ground that the duty imposed on the bank commissioner and the deputy and every clerk in the department, "to keep secret all of the facts and information obtained in the course of such examination, except so far as the public duty of such officer requires him to

report upon or take special action regarding the affairs of any bank," has been terminated by the action of the commissioner in closing the doors of the Trust Company and instituting liquidation proceedings. The exception relied on in this claim only goes to the extent of releasing secrecy "so far as the public duty of such officer requires him to report upon, or take special action regarding, the affairs of the bank." Clearly under the first part of this exception his duties as commissioner do not require of him to remove the secrecy enjoined on him by disclosing the facts and information contained in the reports of the examination of banks made by the commissioner or any person under his direction. But it is insisted that the closing of the doors of the Trust Company and the institution of liquidation proceedings are steps of the kind contemplated by "taking special action regarding its affairs" and raises the bar to secrecy. This, however, disregards the limitation expressed by the words of the exception that secrecy is released only so far as to enable the commissioner to take the special action regarding the bank's affairs; which in no sense throws open the doors for others to obtain information of the facts and information contained in such reports as are filed in his office. Such action by the commissioner does not raise the bar to secrecy as to facts and circumstances contained in examiners' reports filed with the department.

It is strenuously urged that the protection of secrecy enjoined by sec. 2020, although vitally essential to a bank as a going concern, is wholly unnecessary and useless to an insolvent bank, the affairs of which have been for several years past in process of liquidation like those of the Trust Company. This claim is based upon the ground that the reasons for secrecy, under such circumstances, have ceased, in that the evils guarded against making public its financial and business affairs can no longer affect it in a harmful way. The object of the statute includes more than protecting the financial and business affairs of a bank that had been exam-

Cousins v. Schroeder, 169 Wis. 438.

ined.    It was enacted to keep secret all information and facts contained in any report of an examination of a bank as required by the statute.    Such a report may, and probably does, contain a record of facts and much information concerning securities and business affairs confidentially obtained through various sources and from different persons and business concerns connected with and throwing light on the conduct of the business and affairs of the bank covered in the report.    Obviously, disclosure of such facts and information might do serious injury to other persons and financial institutions than the bank undergoing liquidation.    We are of the view that the statute was designed to enjoin secrecy of such facts and information in reports on file in the state banking department and that production of the reports pursuant to the order appealed from would be in violation of the secrecy enjoined by this statute.

It is considered that the circuit court commissioner and the circuit court erred in ordering the plaintiff to produce the reports in question upon his examination as a party otherwise than as a witness on the trial, and in adjudging him guilty of contempt for his refusal to produce and submit to respondents the reports specified in the question propounded to him upon such examination.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the circuit court with direction that the court enter an order vacating the order of the court commissioner ordering appellant in contempt and to dismiss the warrant issued therein, and for further proceedings according to law.

ESCHWEILER, J., dissents.