State ex rel. St. Mary's Hospital and others, Appellants, vs. Industrial Commission, Respondent.*

*April 11—May 13, 1947.*

---

* Motion for rehearing denied, with $25 costs, on July 1, 1947.

For the appellants there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *William Ryan.*

For the respondent there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FAIRCHILD, J.   The two questions presented on this appeal are : (1) Is an order by the Industrial Commission refusing to quash the *duces tecum* provisions of a subpœna subject to review by *certiorari?*   (2) Are the *duces tecum* provisions of a subpœna valid without a showing that the records demanded are material to the issues in a pending case ?

With relation to the first of these issues appellants urge that a witness, before he is required to produce books and papers, is entitled to have the determination of a court as to their relevancy and materiality.   It is true that in general, in the interest of justice, means are recognized whereby a witness can challenge the validity of demands made upon him.   It does not follow from this principle, however, that every witness is entitled to halt a proper proceeding by an appeal or writ of *certiorari* to test the materiality and relevancy of information requested before he is required to supply it to the agency.   The tribunal, including the commission, of course, must make a ruling.   The witness' privilege is to be protected in subsequent proceedings.   There could be no effective functioning of courts or administrative bodies if that were not the case.

In the present case appellants, by a motion requesting the Industrial Commission to quash the *duces tecum* provisions of the subpœnas, sought determination of the materiality and relevancy of the records requested.   The Industrial Commission's order denying the motions is not such a final order of the commission as is subject to review by the court.   The duty of courts to review proceedings does not include interference at this stage of the proceeding with the conduct of hearings before administrative boards by advance rulings on evidence.

In *State ex rel. Meissner v. O'Brien* (1932), 208 Wis. 502, 503, 243 N. W. 314, a city manager, in accordance with a municipal ordinance, had conducted a hearing while acting as the board of police and fire commissioners.   He overruled an objection that he was acting beyond his jurisdiction and a writ of *certiorari* was sued out.   The doctrine of that case is applicable here.   We said :

"There was no final determination by the board, or the city manager acting as such board, at the time of the filing of the petition.   If the practice followed here were to obtain, the effect of it would be the use of the writ to review errors before judgment.   Objection to delay which the confusion resulting from this would breed, or be capable of causing, underlies the development of the rule that the writ shall issue only after a final determination of the tribunal or board whose proceedings are to be reviewed."

It was also pointed out in that case that while the writ of *certiorari* was to be issued to review action taken by administrative boards, "action" means the total result of the proceedings as distinguished from single acts occurring while proceedings are pending and still undetermined.   Appellants cite Wisconsin cases illustrating the rule that proceedings of *quasi*-judicial tribunals will be reviewed by *certiorari,* but in all of those cases the language indicates that a final determination or result must be reached by the tribunal in question before its proceedings are subject to review.   *State ex rel. Peart v. Wisconsin Highway Comm.* 183 Wis. 614, 198 N. W. 753; *State ex rel. Augusta v. Losby,* 115 Wis. 57, 90 N. W. 188; *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209.

This practice of reviewing administrative board actions by *certiorari* only after a final determination has been made by the board, is in line with the reasoning of this court in such cases as *Milwaukee Corrugating Co. v. Flagge* (1920), 170 Wis. 492, 496, 175 N. W. 777, and *Hyslop v. Hyslop* (1940), 234 Wis. 430, 291 N. W. 337, which hold that orders relating to the taking of adverse examinations, since they merely regulate procedure, are not appealable.   In the *Corrugating Co. Case* the court said:

"It is suggested that if it be held that no appeal lies from such an order there will be opportunity for serious abuses, in that inquiry may be made into the affairs of a business rival for illegitimate purposes, thus seriously invading privacy and property rights.   The answer is that every delegation of power to an official carries with it possibility of abuse; nevertheless

power must be vested somewhere if government is to be carried on. . . . Presumably that power will be wisely and justly exercised. If appeals were allowed from every important ruling there would never be an end of litigation."

In the case at bar the persons subpœnaed must either furnish the records requested or be subject to the procedure imposed by secs. 102.17 (3) and 325.12, Stats. Where a question accompanied by substantial doubt is involved, courts have always afforded the embarrassed witness reasonable opportunity to have the question of contempt settled before actual confinement shall occur. The witness may then have his determination of relevancy and materiality by proper application to the court, whose duty it would be to review the ruling.

The persons subpœnaed have the alternative of following the course pursued in the case of *Cousins v. Schroeder,* 169 Wis. 438, 172 N. W. 953. In that case there was refusal to answer followed by a ruling that the witness was in contempt. Such a ruling in this case would be reviewable and the validity of the request for the records described in the subpœna could then be treated with.

Holding as we do that an order of the Industrial Commission refusing to quash the *duces tecum* provisions of a subpœna cannot be reviewed by *certiorari,* we need only to refer to the second issue raised on this appeal. Sec. 325.02 (2), Stats., which prescribes the form of subpœna *duces tecum* requires that the papers and documents be described as accurately as possible but contains no requirement that their relevancy be alleged. Cases cited by appellants illustrating unlawful use of *duces tecum* provisions involve the use of documents for indiscriminate exploration and do not apply.

*By the Court.*—Judgment affirmed.