IN RE APPLICATION OF ALLOWAY: STATE EX REL. ALLOWAY, Plaintiff, vs. EBERLEIN, Circuit Judge, Respondent.

*February 7—February 8, 1950.*

414

*Jack J. Schumacher* of Shawano, for the plaintiff.

*O. B. Strossenreuther,* district attorney of Shawano county, for the respondent.

MARTIN, J. Sec. 356.03, Stats., rules the venue, place of trial, and procedure when an affidavit of prejudice is filed against the judge. Sub. (2) provides:

"In lieu of granting a change of venue the court may, in its discretion, retain jurisdiction of the action and provide for a trial thereof by a judge of some other circuit in the manner provided by subsections (1), (3), and (4) of section 261.08, which subsections shall apply to criminal actions."

Sec. 261.08 (1), Stats., is as follows:

"The court shall change the place of trial to an adjoining circuit upon the application of any party, who shall file his affidavit, that he has good reason to, and does believe, that he cannot have a fair trial on account of the prejudice of the judge, naming him, or the court may retain the action until the end of the current term; and in the meantime shall request the chairman of the board of circuit judges to call some other circuit judge to attend and hold court during the current or next term for the purpose of exercising jurisdiction in all actions and proceedings in which applications for change of the place of trial have been made for such reason. And while so in attendance, said judge may make all orders and hear all applications and motions that may be brought on for hearing. If no other judge can hold court for such purpose, at either of such terms, an order changing the place of trial shall be entered on the first day of the next term."

It will be noted that this subsection provides:

". . . or the court may retain the action *until the end* of the current term; and *in the meantime* shall request the chairman of the board of circuit judges to call some other circuit judge to attend and hold court during the current or next term. . . . If no other judge can hold court for such purpose, at either of such terms, [the 'current term' or the 'next term'] an order changing the place of trial shall be entered on the first day of the next term."

The affidavit filed February 4, 1950, states that in November, 1949, before the expiration of the May term of court, the Hon. MICHAEL G. EBERLEIN did request the president

of the board of circuit judges to call in a judge to attend and hold court, but it does not state whether it was for the "current" or "next" term.

It is apparent from reading and studying the affidavit that no other judge could hold court during the "current" or "next" term of said court because of the refusal of the Hon. MICHAEL G. EBERLEIN to assist other judges in other circuits. No arrangements having been made for a qualified judge to hear the matter at the "next term" which commenced on December 5, 1949, it follows that the court lost jurisdiction of the matter on the expiration of the "current term" (May term, 1949) except for the purpose of transferring the place of trial to an adjoining circuit on the first day of the "next term" as required by statute. We do not consider the requests for medical treatment and hospitalization a waiver of the affidavit of prejudice.

The writ of mandamus prayed for by the petitioner directing the circuit judge of the Tenth judicial circuit to comply with the statute is granted, and the Hon. MICHAEL G. EBERLEIN is hereby ordered forthwith to change the place of trial of the petitioner to an adjoining circuit.

*By the Court.*—Writ granted.