CITY OF APPLETON, Respondent, vs. SAUER, Appellant.

*December 9, 1955—January 10, 1956.*

**616**

For the appellant there was a brief by *Van Susteren, Bollenbeck & Kopish* of Appleton, and oral argument by *Urban P. Van Susteren.*

For the respondent there was a brief and oral argument by *Don L. Jury,* city attorney.

STEINLE, J. The first question presented for determination is whether the instant order is appealable. This is a civil action to recover a forefeiture for violation of a munici-

pal ordinance, and the rules of civil procedure apply. *Oshkosh v. Lloyd* (1949), 255 Wis. 601, 39 N. W. (2d) 772; *South Milwaukee v. Schantzen* (1950), 258 Wis. 41, 44 N. W. (2d) 628.

Sec. 274.33, Stats., provides in part:

"The following orders when made by the court may be appealed to the supreme court: . . .
"(3) When an order *grants, refuses,* continues, or modifies a *provisional remedy.* . . . [Italics supplied.]"

Sec. 269.57, Stats., provides in part:

"(1) The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of *property* . . . in his possession or under his control containing evidence relating to the action or special proceeding. . . . If compliance with the order be refused, the court may exclude the paper from being given in evidence or punish the party refusing, or both. [Italics supplied.]"

In *Hudson v. Graff* (1948), 253 Wis. 1, 33 N. W. (2d) 174, it was held that an order requiring the defendant to produce under sec. 269.57, Stats., certain books and documents for the plaintiff's inspection and examination, is appealable under sec. 274.33 (3) as an order granting a provisional remedy. At page 2 in the opinion of that case, it was said:

"As this court said in *Northern Wis. Co-op. Tobacco Pool v. Oleson,* 191 Wis. 586, 592, 211 N. W. 923,—
" 'Sec. 4183 (now sec. 269.57) . . . provides a provisional remedy, and such an order is appealable under sec. 274.33, sub. (3).'
"That has been considered the established rule since *Noonan v. Orton,* 28 Wis. 386; *Ellinger v. Equitable Life Assur. Society,* 125 Wis. 643, 648, 104 N. W. 811."

The question of whether an order granting or refusing inspection requested under sec. 269.57, Stats., is appealable

is not to be confused with an order which refuses to limit or suppress an adverse examination scheduled pursuant to sec. 326.12. The right to an adverse examination is granted by statute and not by order of the court, so that an order refusing to limit or suppress an adverse examination does not grant or continue a provisional remedy.

It is manifest that the drunk-o-meter is relevant to the controversy and is "property" within the purview of sec. 269.57 (1), Stats., which permits an inspection of property. The term "property" is analogous to that of "thing." Sec. 4096, at the time when *Horlick's Malted Milk Co. v. A. Spiegel Co.* (1913), 155 Wis. 201, 144 N. W. 272, was decided, provided for the production at an adverse examination of "all papers, books, files, records, *things,* and matters in the possession" of an adverse party. In construing the word "things" as used in the statute, the court in that case in part said (p. 216):

"The claim of the plaintiff is that these questions were improper for the reason that a party to a civil action is not entitled to an order for inspection of real or personal property in the possession of the opposing party in the absence of statute, and that sec. 4096, which provides for the production of 'all papers, books, files, records, things, and matters . . . may be compelled upon subpoena, . . .' does not include physical objects. We think the construction of counsel is too narrow. The jars and contents, under the issues raised by the complaint, were doubtless among the most important matters in the case. The fact that they were physical objects did not exclude them from the terms of the statute. . . . The purpose of the statute is to get inspection of the evidence contained in the books, files, records, and things. If the things, namely, the jars and contents, were relevant to the controversy, they come within the terms of the statute."

The order of the court under attack here was appealable.

Evidence such as was obtained by the city in its use of the drunk-o-meter in the case at bar, is admissible at the trial. There is nothing of record to indicate that the city does not intend to present the evidence obtained in this matter. Sec. 85.13 (4), Stats., provides in part:

"(4) Upon the trial of any action or proceeding arising out of acts alleged to have been committed by any person arrested for operating a motor vehicle while under the influence of intoxicants, the court may admit evidence of the amount of alcohol in the defendant's blood . . . as shown by a medical or chemical analysis of such defendant's breath, blood, urine, or saliva. For the purposes of this section: (a) Evidence that there was, at the time five hundredths of one per cent or less, by weight of alcohol in his blood, is *prima facie* evidence that the defendant was not in an intoxicated condition; (b) evidence that there was, at the time, more than five hundredths of one per cent and less than fifteen hundredths of one per cent . . . is relevant evidence, but it is not to be given *prima facie* effect . . .; (c) evidence that there was, at the time, fifteen hundredths of one per cent or more, by weight of alcohol in his blood, shall be admitted as *prima facie* evidence that the defendant was in an intoxicated condition, but shall not, without corroborating physical evidence thereof be sufficient upon which to find the defendant guilty of being under the influence of intoxicants."

It cannot be said that the defendant Sauer was not entitled, as a matter of law, to the inspection which he sought. Sec. 269.57, Stats., provides that the court may grant an inspection of this kind. An application for inspection of property under sec. 269.57 is addressed to the discretion of the trial judge—a sound discretion guided by law. The trial judge's statement to the effect that the defendant was not entitled to an inspection of the device under either sec. 269.57 or 326.12, or under any other statute or law of the state, indicates that he was of the opinion that there existed no authority on his part to grant, limit, or suppress the inspec-

tion.  In such regard the court acted under a mistaken view of the law, and there was error.  *Churchill v. Welsh* (1879), 47 Wis. 39, 54, 55, 1 N. W. 398.  The court possessed power to exercise a sound discretion with reference to the petition.  Having failed in such particular, the order must be reversed, and the cause remanded with direction that the trial court exercise his discretion and grant, limit, or deny the application.  Should the petition be granted in a general or limited manner, then, were compliance of the court's order refused by the city, the court might with propriety exclude as evidence upon the trial any reference to the device or its use in testing the condition of the defendant, or punish by contempt process, or both.

*By the Court.*—Order reversed, and cause remanded for further proceedings in accordance with law.

FAIRCHILD, C. J. (*dissenting*).  I do not agree with the ruling announced in the majority opinion.  The proceedings do not bring to us a matter over which we have appellate jurisdiction.  First, the opinion holds that the court below did not recognize a duty imposed and refused to exercise a power conferred.  I cannot get that interpretation of the decision from the record.  To begin with, the petition recites:

"Urban P. Van Susteren, being first duly sworn on oath, deposes and says:

"(1) That he is the attorney for the defendant in the above-entitled action.

"(2) That he has been advised and verily believes that the plaintiff took certain tests of the defendant's breath by means of a device commonly known as a 'drunk-o-meter' at the time that the defendant was in jail shortly after his arrest.

"(3) That he is informed and verily believes that the defendant intends to utilize the results of those tests as evidence on the trial of this action.

"(4) That the defendant has no knowledge of the accuracy or dependability of said device and does not have complete knowledge of its working principles.

"(5) That the attorney for the defendant, in order to prepare for trial properly, considers it necessary to examine, test, and experiment with the so-called 'drunk-o-meter' which was used by the city of Appleton in the tests that were made.

"(6) That this affidavit is made for the purpose of obtaining an order requiring the plaintiff to show cause, if any it should have, why the said 'drunk-o-meter' together with the chemicals and appurtenances used in the tests that were made on the defendant, should not be made available to the defendant and his attorney and such other experts, including chemists and/or physicians as the defendant might desire for the purpose of inspection and testing."

The request is not aimed at the securing of relevant and material testimony.

Secondly, if the order is appealable, as now held by the majority, and we have jurisdiction, we should examine the record and decide the matter upon the merits.

Thirdly, it appears that the order appealed from is considered as a final order. It is merely a ruling on evidence and is not a final order.

As to objections one and two: If there has been arbitrary and unwarranted refusal to comply with sec. 269.57, Stats., the matter could only be presented here by proceeding in mandamus—such proceeding, for instance, as is followed when a trial judge refuses to give consideration to an affidavit of prejudice timely presented—and we have no occasion to examine the results. The appeal should be dismissed. On the other hand, if this is a matter to be reviewed on appeal, we should, as has been suggested, examine the record and render a decision determining the right of the matter. There would be then no occasion for remanding the cause for further review by the trial court, which might result in another appeal.

As to the third objection with respect to the appealability of the order, I believe the practice designed by the legislation enacting sec. 269.57, Stats., should be treated with. The defendant was arrested charged with drunken driving on November 28, 1954, the attorney for the defendant stating in an affidavit that certain tests had been taken of the defendant's breath by means of a device commonly known as a drunk-o-meter, and that he desired an inspection of the said drunk-o-meter, together with the chemicals and appurtenances used in the tests that were made on the defendant. On the hearing to show cause granted accordingly, the trial court ruled as follows:

"The court having heard the arguments of counsel and being fully advised in the premises, determines and finds that (a) the defendant is not entitled to examination, inspection, and testing prior to trial, of the drunk-o-meter device used by the city of Appleton to test the defendant, Harold Sauer, under the provisions of section 269.57 of the Wisconsin statutes; and (b) that the defendant is not entitled to examination, inspection, and testing prior to trial, of the drunk-o-meter device used by the plaintiff to test the defendant, Harold Sauer, under the provisions of section 326.12 of the Wisconsin statutes; and (c) that the defendant is not entitled to examination, inspection, and testing prior to trial, of the drunk-o-meter device under any other statute or law of the state of Wisconsin."

The statute under which appellant seeks to press his appeal in this court does not afford him the right of appeal. Under the statute a trial court may rule upon the relevancy to the issue of the information of the document or property asked for. However, the opposite party may refuse to answer or comply with the direction made at that time. At this point in the proceedings there is no final order to appeal from. There has been but a ruling on evidence. To permit an appeal from a mere ruling on evidence and recognize it as an appealable order would fix a time for appeal on number-

less rulings on the admissibility and relevancy of evidence and result in delays not warranted by any provision of law. Are we to say there may be an appeal from a ruling just before the trial starts and not from one just made immediately after the jury is empaneled when, in an opening statement by counsel, attention is called to interesting and maybe important testimony which may affect the interest of the adverse party? Sec. 269.57, Stats., reads:

"The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding or may require the deposit of the books or documents with the clerk and may require their production at the trial. *If compliance with the order be refused, the court may exclude the paper from being* given in evidence or punish the party refusing, or both." (Emphasis supplied.)

That statute leaves the consequences of refusal to produce the testimony at exclusion of the evidence or punishment for contempt. No appeal is provided for. Quoting from headnotes 1 and 2 in *Clancy v. Fire and Police Comm.* (1912), 150 Wis. 630, 138 N. W. 109, "When the law creates a new remedy to meet a new situation, such remedy is exclusive and is subject to the conditions and limitations imposed by the legislature. . . . The right of appeal is purely statutory, and if not given is withheld." The procedure has been left to the trial judge to so manage it as to reduce the possibility of delay. In viewing the question as a practical one, discovery examinations and procedure of that nature can be so conducted as to avoid the delays intended to be prevented by limiting appeals to judgments and final orders under sec. 274.33, Stats.

As to promptness of testing the merit of the evidence upon refusal to produce, the contempt proceedings are direct and

immediate, as is the right to reject the testimony upon such refusal. This phase of the discussion may be pointed up by a reference to *Cousins v. Schroeder* (1919), 169 Wis. 438, 172 N. W. 953. That case arose out of the failure of a trust company creating a situation where the likelihood of a great deal of litigation depended upon the right of the banking commissioner to refuse to disclose certain information in his possession. The case was presented to the circuit court as there was a refusal on the part of the banking commissioner to comply with a direction of the court. Immediately following refusal to answer, contempt proceedings were commenced, and the matter in a short time reached the supreme court for determination. A somewhat similar situation arose in the case of *State ex rel. St. Mary's Hospital v. Industrial Comm.* (1947), 250 Wis. 516, 27 N. W. (2d) 478. In that case this court approved the cases of *Cousins v. Schroeder, supra; Milwaukee Corrugating Co. v. Flagge* (1920), 170 Wis. 492, 175 N. W. 777, and *Hyslop v. Hyslop* (1940), 234 Wis. 430, 291 N. W. 337, which cases held that orders relating to the taking of adverse examinations, since they merely regulate procedure, are not appealable.

There is no circumstance or situation covered in the statutes which can reasonably take the matter out of the field of evidence and make the ruling on the presentation of the document a final and appealable order. As already suggested, this is not the first time the confusion over this procedure has been called to the attention of the court and bar. It may be suggested that too often the habit of the bench and bar is to look to cases rather than the statutes for principles regulating procedure until attention is directed by some circumstance arising during argument to the principles fixed by legislation regulating certain matters and particularly appeals to the supreme court. When the legislature has enacted a constitutional regulation of procedure, it is the rule of the people, and should be given the consideration it de-

serves. I rely especially on the cases by Mr. Chief Justice WINSLOW and Mr. Justice WICKHEM cited above. Those cases are outlined in the headnotes as follows:

*Milwaukee Corrugating Co. v. Flagge, supra:*

"1. An order refusing to suppress or prohibit an adverse examination under sec. 4096, Stats., is not appealable as a final order affecting a substantial right made in a special proceeding, under sub. (2), sec. 3069, since an adverse examination is not a 'special proceeding.' *Phipps v. Wis. Cent. R. Co.* 130 Wis. 279, and *Karel v. Conlan,* 155 Wis. 221, overruled.

"2. Nor is such an order appealable as one continuing a provisional remedy under sub. (3), sec. 3069, since such an order does not 'continue' the remedy by mere refusal to interfere with it."

*Hyslop v. Hyslop, supra:*

"1. An adverse examination is a provisional remedy, but it is one granted as a matter of course by sec. 326.12, Stats., and hence no order of the court can be considered appealable under sec. 274.33 (3) on the ground that such order grants this provisional remedy.

"2. An order refusing to suppress an adverse examination is not an appealable order on the ground that it continues a provisional remedy, and an order limiting the scope of an adverse examination is not an appealable order on the ground that it refuses or modifies a provisional remedy, since such orders merely regulate the procedure on the examination and do not operate on the provisional remedy which the adverse examination constitutes.

"3. An order denying the defendant's motion to compel the plaintiff to answer certain questions on an adverse examination in a divorce action is not appealable as an order refusing or modifying a provisional remedy."

It is to be noted that the principles governing examination of the party before trial apply with the same force to the compulsion of the party at the trial to produce books and papers. This may be accounted for by their origin, which

is the original equitable procedure for a bill of discovery. See 5 Jones, Evidence (2d ed.), p. 3790, sec. 2042. The ruling does not have the elements of a final order. There is left a choice in the adverse party which keeps the ruling within the limits of the field of evidence, and so long as it is a ruling on evidence and continues to be, there is no conclusive act until a final judgment has been entered or the matter has been brought into the court in a proceeding to protect a substantial right of a person refusing to testify. There is no more occasion for recognizing the right of appeal under the circumstances referred to in this case than there would be in the instance of a party filing an affidavit of prejudice against a trial judge and his refusal to give it due consideration. In such an instance there is no final order to appeal from, and the remedy is under superintending control in the form of a proceeding under mandamus. *Application of Alloway* (1950), 256 Wis. 412, 41 N. W. (2d) 360.

It is my opinion that the appeal should be dismissed.