ZAWERSCHNIK, Respondent, v. BELL, Appellant.

*January 5—February 3, 1959.*

The cause was submitted for the appellant on the brief of *H. O. Wolfe* and *Wolfe, O'Leary & Kenney,* and for the respondent on the brief of *Seher & Seher,* all of Milwaukee.

Martin, C. J. The subpoena was served upon the defendant, together with the summons in the case, a copy of the notice of taking the examination, and a copy of the plaintiff's affidavit stating the necessity of the examination for the discovery of facts sufficient to enable him to frame a complaint.

Defendant secured from the circuit court for Milwaukee county an order to show cause why an order should not be made suppressing the examination in its entirety. This was served on the plaintiff, together with a copy of the "Citizen's-Victory News" of March 27, 1958, and the affidavit of the defendant asserting that no statements appearing therein are libelous or will support a cause of action for libel against defendant or anyone authorizing the printing and distribution of said publication.

Hearing was had and the circuit court entered its order denying the motion to suppress.

The order is not appealable. *Milwaukee Corrugating Co. v. Flagge* (1920), 170 Wis. 492, 175 N. W. 777; *Hyslop v. Hyslop* (1940), 234 Wis. 430, 291 N. W. 337; *State ex rel. St. Mary's Hospital v. Industrial Comm.* (1947), 250 Wis. 516, 27 N. W. (2d) 478; *Quality Outfitters v. Risko* (1958), 4 Wis. (2d) 341, 90 N. W. (2d) 638.

Defendant argues that the order, since it affirms the order set forth in the subpoena of the court commissioner requiring the production of records, is in effect an order made under sec. 269.57, Stats., and thus appealable. The same argument was made in the *Risko Case, supra,* and this court said (p. 344) :

"An order to that effect, *obtained under sec. 269.57, Stats.,* is appealable as we have frequently held. *Hudson v. Graff* (1948), 253 Wis. 1, 33 N. W. (2d) 174. That order is issued only upon notice and hearing. It is quite a different thing in its origin and effect from a *subpoena duces tecum.*

As we said in *Appleton v. Sauer* (1956), 271 Wis. 614, 616, 74 N. W. (2d) 167, the two proceedings are not to be confused."

Since the appeal must be dismissed we do not deal with any of the other matters set forth in the briefs.

*By the Court.*—Appeal dismissed.