## NATIONAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,

v.

## ST. PAUL FIRE AND MARINE INSURANCE COMPANY et al., Defendants.

### Nos. 79–C–607, 79–C–907.

United States District Court,
E. D. Wisconsin.

May 20, 1981.

William R. Steinmetz, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, Wis., for plaintiff.

Thomas N. Klug, for St. Paul Fire & Marine Ins. Co.

Herbert L. Usow, Milwaukee, Wis., for Troy.

Mark Sosterich, Godfrey & Kahn, Milwaukee, Wis., for Brandon.

Franklyn M. Gimbel, Gimbel, Gimbel & Reilly, Milwaukee, Wis., for Paul Fons.

Gregory Gramling, Jr., Milwaukee, Wis., for Louis Fons.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is a civil action in which the plaintiff seeks recovery from the defendants for losses plaintiff allegedly sustained as a result of the dishonest conduct of some of its employees. Defendant St. Paul Fire and Marine Insurance Company (St. Paul) issued a savings and loan blanket bond to the plaintiff to protect it against such losses. The plaintiff made a claim of loss against the bond, but the defendant refused payment. Plaintiff filed this suit and defendant St. Paul has raised four defenses to payment on the bond. First, St. Paul alleges that the plaintiff suffered no loss. Second, it contends if plaintiff suffered any loss, it was suffered before the effective date of the bond. Third, it alleges that any dishonest conduct was known to and acquiesced in by the other directors of the bank. Fourth, defendant St. Paul asserts the plaintiff failed to give it timely notice of the loss.

On February 18, 1981, the defendant, St. Paul, served a subpoena duces tecum on William Oestericher and Robert Sherman, who are both employees of the Office of the Commissioner of Savings and Loans for the State of Wisconsin. The subpoenas ordered them to present themselves for depositions on February 20, 1981. In addition, it ordered them to bring documents pertaining to the examination of the plaintiff by the Office of the Commissioner from 1970 to 1979. Defendants requested documents concerning seventeen loans and ten persons. The subpoenas requested documents created before, during and after the examination of the bank which related to these loans and persons.

On the same day, the two employees of the Office of the Commissioner of Savings and Loans filed a motion for a protective order. Petitioner seek to quash the subpoenas on the grounds that the information sought is privileged.

Under rule 45 of the Federal Rules of Civil Procedure, a non-party is subject to a subpoena compelling him to appear for a deposition and produce documents. A non-party's appearance and the production of documents is, however, subject to the general limits of rule 26(b) of the Federal Rules of Civil Procedure. Rule 26(b) allows the discovery of all relevant non-privileged information and documents.

In diversity cases, such as this one, rule 501 of the Federal Rules of Evidence provides that the court is to apply the state law of privileges. In Wisconsin, the only privileges recognized are those "provided by or inherent or implicit in statute or in rules adopted by the Supreme Court or required by the Constitution of the United States or Wisconsin." Wis.Stats. § 905.01.

Petitioner argues that Wisconsin Statute Section 215.02(6) (1977) creates a statutory privilege. Section 215.02(6) provides:

Disclosure of information; penalty.

(a) The commissioner, and all other officers and employes of the office, and members of the review board shall keep

secret all the facts and information obtained in the course of examinations, except:

1. So far as the public duty of such person requires the person to report upon or take special action regarding the affairs of any association.

2. When called as a witness in any criminal proceeding or trial in a court of justice.

3. Under rules prescribed by the commissioner, for the purpose of comparing notes as to matters affecting an association with an examiner of the federal home loan bank board or federal savings and loan insurance corporation as to any association whose savings accounts are insured by the federal savings and loan insurance corporation.

If any person covered under the statute violates the secrecy rule, they are subject to a fine and forfeiture of office.

Defendants contend that section 215.02(6) does not create a privilege, and that if it does, it is limited only to information gained in the course of an examination. Furthermore, it asserts that any purpose behind the privilege is now gone because the bank is the plaintiff in this action.

The Wisconsin Supreme Court has not considered this question as it relates to the present statute. In *Cousins v. Schroeder*, 169 Wis. 438, 172 N.W. 953 (1919), however, the Wisconsin Supreme Court considered a similar issue regarding the predecessor statute. In *Cousins*, the Commissioner of Banking was suing the directors of a defunct bank for violating their official duties as directors. The directors, in an effort to present a defense, sought to depose the Commissioner and examined his records. The Commissioner refused to comply. The circuit court then found the Commissioner in contempt of court for failing to comply with its order requiring the production of the documents.

On appeal, the Wisconsin Supreme Court held that the documents were privileged from disclosure under Wis.Stats. Section 2020 (1919). The defendants in *Cousins* raised the same arguments as those raised by St. Paul. They noted that there was nothing to keep secret anymore because the bank had gone under. The court, however, stated:

The object of the statute includes more than protecting the financial and business affairs of a bank that had been examined. It was enacted to keep secret all information and facts contained in any report of an examination of a bank as required by the statute. Such a report may, and probably does, contain a record of facts and much information concerning securities and business affairs confidentially obtained from various sources and from different persons and business concerns connected with throwing light on the conduct of the business and affairs of the bank covered in the report. Obviously, disclosure of such facts and information might do serious injury to other persons in financial institutions than the bank undergoing liquidation. We are of the view that the statute was designed to enjoin the secrecy of such facts and information and reports on file in the state banking department and a production of the reports pursuant to an order appealed from would be in violation of the secrecy enjoined in this statute. 168 Wis. at 443, 172 N.W. 953.

The holding in *Cousins* is dispositive of this motion. The case indicates that the records and information of the Commissioner of Savings and Loans gathered in the course of an examination are privileged under Wisconsin law. Consequently, although highly relevant, defendants are precluded from discovering this material from the employees of the Office of the Commissioner. In addition, the Court finds no basis for defendants' argument that the privilege should be artificially restricted to information gained while conducting an examination in the bank. The phrase "in the course of examination" must be read to include activities before, during and after the actual inspection of records which relate to the statutory examination duties of the Commissioner. Consequently, the Court finds that petitioner's request for a protective order must be and is hereby granted.

Therefore, it is hereby ordered that subpoenas issued for the depositions of William Oestreicher and Robert Sherman, as well as the subpoenas duces tecum accompanying them, must be and are hereby quashed.

SO ORDERED.